RHODE STATE OF ISLAND HOPE

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860

DATE:________________

TO: SUBARU OF NEW ENGLAND
ATTN: TIMOTHY PIKE, DISTRICT SALES MANAGER
95 MORSE ST
NORWOOD, MA 02062

RE: BALD HILL SUBARU DODGE V. SUBARU OF NEW ENGLAND

Dear Mr. Pike:

We are writing in response to a complaint filed with this office, please see enclosed. We ask that you respond in writing to said complaint within ten (10) days of this notification. All information pertaining to this complaint should be forwarded to:
Kevin J. Rabbitt, the investigator assigned.

**You must send copies of all documents including bill of sale, title, tax forms, inspection report, etc.,**

Be advised that we prefer to investigate such complaints on an informal basis with the cooperation of both parties in order to resolve these matters.

If you fail to respond to this complaint in writing within the ten (10) days you will be required to appear before the Dealers' Hearing Board to determine whether your dealership license should be suspended or revoked. Pursuant to Rhode Island General Laws §35-5-2 and §31-5-11.

Any further inquiries shall be directed to the aforementioned license investigator at 462-5733

Respectfully submitted,

RHODE ISLAND DEALERS' LICENSE
AND REGULATIONS OFFICE

Joseph D. Monteiro

Mr. Joseph Monteiro, Chief
Enforcement/Regulations Office

cc: Investigator

FOR OFFICE USE ONLY

RECEIVED

AUG 0 8 2007

RHODE ISLAND MOTOR VEHICLE DEALER LICENSE & REGULATIONS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE

DIVISION OF MOTOR VEHICLES

100 Main Street

Pawtucket, RI 02860

462-5734 / 462-5733

AMENDED

COMPLAINT #: ____________________

I wish to file a complaint against the dealership, manufacturer, and/or distributor named below. I understand the Dealers' License & Regulations Office does not act as an attorney for an individual, but rather represents the State of Rhode Island in enforcing automobile laws falling in the jurisdiction of this office.

DATE: 8/8/07

(Please print or type)

COMPLAINANT'S NAME: Bald Hill Realty Co. d/b/a Bald Hill Subaru

(XXXXXXXXXXXXXXXXXXXXXXX)

ADDRESS: 1035 Bald Hill Road, Warwick RI 02886

NO. STREET CITY/TOWN STATE ZIP CODE

HOME TELEPHONE#: N/A BUSINESS TELEPHONE#: (401) 822-8100

YOUR DRIVERS'S LICENSE #: N/A

NAME OF XXXXXXXXXX:
DISTRIBUTOR: Subaru of New England

ADDRESS OF DEALERSHIP: 95 Morse Street Norwood MA 02062

NO. STREET CITY/TOWN STATE ZIP CODE

DISTRIBUTOR'S
XXXXXXXXXXX TELEPHONE #: (781)255-6369

DATE OF TRANSACTION: SEE ATTACHED TOTAL PRICE PAID: ____________

SALES PERSON/AGENT: ____________

VEHICLE YEAR - MAKE - MODEL: ____________

ODOMETER READING AT TIME OF SALE: ____________ PRESENT READING: ____________

IF VEHICLE IS REGISTERED, WHAT IS YOUR REGISTRATION PLATE#: ____________

DO YOU HAVE A LIEN ON THIS VEHICLE?: ______ IF YES, WITH WHOM?: ____________

HAVE YOU CONTACTED ANY OTHER AGENCIES ______ IF YES, LIST BELOW: ____________

HAVE YOU CONTACTED A PRIVATE ATTORNEY? YES IF SO STATE NAME & ADDRESS:

Michael J. McEntee, Esq., 915 Tollgate Road, Warwick, RI 02886

COMPLAINT #:________________

A. WHAT TYPE OF WARRANTY DID YOU AGREE TO? ________________

B. HOW LONG OF A WARRANTY DID YOU RECEIVE? ________________

C. ON WHAT FACTS DO YOU BASE YOUR COMPLAINT? PLEASE EXPLAIN IN DETAIL:

See Attached

D. WHAT SETTLEMENT ARE YOU SEEKING? ________________

See Attached

E. EXPIRATION DATE OF RHODE ISLAND INSPECTION STICKER:- N/A

THIS COMPLAINT MUST BE COMPLETED AND COPIES OF ALL SUPPORTING DOCUMENTS ATTACHED. SUCH AS COPY OF BILL-OF- SALE, PURCHASE ORDER AGREEMENT, SAFETY REJECTION SLIP (IF UNABLE TO PASS INSPECTION), REPAIR RECEIPTS, COPY OF WARRANTY OR GUARANTEES.

IF YOU SUSPECT THAT THIS MAY BE A FRAUDELENT OR OTHERWISE ILLEGAL TRANSACTION, IT IS ADVISED THAT YOU CONTACT YOUR LOCAL POLICE DEPARTMENT, STATE POLICE, OR F.B.I. OFFICE REGARDING THIS MATTER.

(YOU MAY USE ADDITIONAL PAGES TO EXPLAIN YOUR ANSWER)

COMPLAINANT MUST CONTACT THIS OFFICE WITHIN 15 DAYS OF FILING THE COMPLAINT

BALD HILL REALTY CO. d/b/a BALD HILL SUBARU
By its Attorney,
[signature]
COMPLAINTANT'S SIGNATURE
Michael J. McEntee, Esq. (#2092)
915 Tollgate Road, Warwick, RI 02886 (401)823-3313
DATE: August 8, 2007

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 8 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v. C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

## AMENDED COMPLAINT

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill"), a Rhode Island Corporation and a franchised and licensed Subaru Dealer, brings this complaint against Respondent Subaru of New England, Inc. ("SNE") for violations of R.I. Gen. Laws § 31-5.1-4, which will be enumerated herein, and requests a hearing on said violations.

1. Bald Hill has been a new car automobile dealer of SNE since 1978 in the Warwick, Rhode Island area.

2. Since its inception, Bald Hill has been a leader in the sale of SNE's autos and consistently one of the top sellers in the State of Rhode Island.

3. Bald Hill has since its inception, maintained a very high (CSI) customer satisfaction rating in the region.

4. Bald Hill has incurred considerable expense to build and maintain a state of the art facility in Warwick, Rhode Island, and expends significant monies in promotion and advertising of SNE's product.

5. Bald Hill has received the "Subaru Stellar Performer Certification" from Subaru of America, Inc. for its exceptional sales and service performance.

6. Bald Hill has received on numerous occasions the "Added Security Superstar Award" from SNE.

7. Bald Hill has received the "Parts and Service Million Dollar Club" award from SNE.

8. Bald Hill has received numerous other awards from SNE.

9. On or about December 29, 1999, Bald Hill had exercised its rights under R.I. Gen. Laws § 31-5.1-4.2 and filed an objection to a proposed new dealership at 939 Newport Avenue, Pawtucket, RI, hereinafter referred to as "Protest".

10. As a result of Bald Hill having exercised its rights under R.I. Gen. Laws § 31-5.1-4.2, by filing the Protest, and as a result of Bald Hill joining a class action lawsuit against SNE, SNE issued a letter of termination on June 25, 1999, effective September 27, 1999.

11. As a result of the June 25, 1999 letter of termination, Bald Hill brought an action before the Dealer's License Commission; in response, SNE filed a complaint in the U.S. District Court for the District of Rhode Island requesting declaratory relief.

12. Subsequently, a settlement was reached between Bald Hill and SNE, both matters were dismissed, and the parties entered into a Franchise Agreement for a five-year period commencing April 1, 2004.

13. Notwithstanding, the actions by SNE against Bald Hill created a climate of hostility from SNE to Bald Hill.

14. From April 1, 2004 through the present, Bald Hill has continued to sell Subarus distributed by SNE to Bald Hill, despite an economy wherein the sale of cars, particularly Subarus, has declined.

15. Bald Hill's performance was exceptional in 2004 and in other years during the five-year Franchise Agreement, as evidenced by Bald Hill's "Subaru Stellar Performer Certification" received from Subaru of America, Inc., and its sales and service record, but the economy has severely impaired Bald Hill's performance.

16. According to SNE's 2007 YTD sales figures, Bald Hill's sales are down from last year YTD by 23.6%, but five other dealerships within SNE's franchise are down in sales from last year YTD by a greater percentage, ranging from 24.0% to 56.8%, according to SNE's sales figures.

17. According to SNE's July 2007 newsletter, Bald Hill's July 2007 sales were down by 52.63% in comparison to July 2006, but at least two other dealerships within SNE's franchise were down by a greater percentags, and most other dealerships within SNE's franchise were down by a large percentage, between 25% and 45%; only one dealership in the franchise was up in sales in July 2007 in comparison to July 2006.

18. On November 14, 2006, SNE sent to Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise.

19. In said letter, SNE provided Bald Hill with an unreasonable performance criteria which SNE stated Bald Hill must achieve by May 31, 2007 or SNE would send Bald Hill a termination letter terminating Bald Hill's Franchise Agreement with SNE.

20. In said letter, SNE stated that Bald Hill must "sell 288 new Subarus between December 1, 2006 and May 31, 2007…"; but this unreasonable six-month objective was nearly equal to the twelve-month objective for membership in SNE's 2007 Presidential Club (317 new Subaru sales).

21. SNE knew from its own sales figures that Bald Hill's all-time high is 467 new Subaru sales in a single year, half of which is 234.

22. Over the six-month period between December 1, 2006 and May 31, 2007, new Subaru sales by the fourteen dealerships within SNE's franchise ranged from 57 to 274, with an average of 140; no one achieved 288 new sales.

23. Faced with the unreasonable performance criteria of 288 new sales between December 1, 2006 and May 31, 2007, Bald Hill's actual reported sales for that period was 141, just above the franchise-wide average for sales.

24. SNE sent Bald Hill its Notice of Termination of Subaru Dealer Agreement and Franchise by letter dated June 6, 2007.

25. SNE violated the notice requirements of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i)&(ii) in that the performance criteria established by SNE for Bald Hill was unreasonable in light of the economy and market.

26. Due to the unreasonable performance criteria established by SNE, SNE has failed to provide good cause for the termination of Bald Hill in violation of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i).

27. By establishing an unreasonable performance criteria for Bald Hill, SNE has not acted in good faith, in violation of R.I. Gen. Laws § 31-5.1-4 (d)(2)(iv).

28. SNE does not have good cause as required by R.I. Gen. Laws § 31-5.1-4 (d)(1)(ii)&(iii) and has violated said Act by not acting in good faith in issuing a letter of termination; further, SNE's action in its letter of termination is arbitrary, in bad faith, unconscionable, and causes damages to Bald Hill and the public.

29. SNE violated R.I. Gen. Laws § 31-5.1-3, in that SNE's termination of Bald Hill's Franchise Agreement, without good cause, and by establishing an unreasonable performance criteria, constitutes an unfair or deceptive act or practice.

30. R.I. Gen. Laws § 31-5.1-12 and Chapter XII of this Board's Rules and Regulations authorizes this Commission to enforce the provisions of Chapters 31-5 and 31-5.1 and to hold a hearing to show cause why SNE should not be sanctioned, and determine why it should not be ordered to comply with the sections of this chapter.

31. Further, Bald Hill states that under R.I. Gen. Laws § 31-5-23 SNE failed to comply with R.I. Gen. Laws § 31-5-21 through 31-5-27, inclusive, and as aforesaid stated, failed to comply with R.I. Gen. Laws § 31-5.1-1 through 31-5.1-16, inclusive.

32. SNE violated R.I. Gen. Laws § 31-5-23 (7) and has, without provocation, cancelled the franchise of Bald Hill.

33. SNE violated R.I. Gen. Laws § 31-5-23 (8) in that it, without due regard to the equities of Bald Hill, without just provocation issued a letter of termination of Bald Hill's franchise.

34. R.I. Gen. Laws § 31-5-23 provides that SNE's license may be suspended or revoked by this Board for violations of the subsections of R.I. Gen. Laws § 31-5-23.

WHEREFORE, Bald Hill respectfully request that the Commission under the powers given to it, pursuant to R.I. Gen. Laws § 31-5.1-12, R.I. Gen. Laws § 31-5-23, and Chapter XII of this Board's Rules and Regulations, enforce the provisions of Chapters 31-5 and 31-5.1 by granting the following relief:

(1) that this Board find that good cause does not exist for the termination, that SNE acted in bad faith, and that SNE be ordered to cease and desist from terminating Bald Hill's franchise agreement;

(2) that this Board fine SNE for acting in bad faith in violation of Rhode Island Law and order SNE to pay Bald Hill's attorneys fees and costs; and

(3) that this Board find, because of SNE's misconduct, that SNE's license to sell Subaru automobiles in the State of Rhode Island be revoked and/or suspended per R.I. Gen. Laws § 31-5-25.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

Dated: August 8, 2007

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860

DATE: 08-07-07

TO: SUBARU OF NEW ENGLAND
ATTN: TIMOTHY PIKE, DISTRICT SALES MANAGER
95 MORSE ST
NORWOOD, MA 02062

RE: BALD HILL SUBARU DODGE V. SUBARU OF NEW ENGLAND

Dear Mr. Pike:

We are writing in response to a complaint filed with this office, please see enclosed. We ask that you respond in writing to said complaint within ten (10) days of this notification. All information pertaining to this complaint should be forwarded to: Kevin J. Rabbitt, the investigator assigned.

**You must send copies of all documents including bill of sale, title, tax forms, inspection report, etc.,**

Be advised that we prefer to investigate such complaints on an informal basis with the cooperation of both parties in order to resolve these matters.

If you fail to respond to this complaint in writing within the ten (10) days you will be required to appear before the Dealers' Hearing Board to determine whether your dealership license should be suspended or revoked. Pursuant to Rhode Island General Laws §35-5-2 and §31-5-11.

Any further inquiries shall be directed to the aforementioned license investigator at 462-5733

Respectfully submitted,

RHODE ISLAND DEALERS' LICENSE
AND REGULATIONS OFFICE

Joseph I. Monteiro

Mr. Joseph Monteiro, Chief
Enforcement/Regulations Office

cc: Investigator

FOR OFFICE USE ONLY
DATE RECEIVED

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE DEALER LICENSE & REGULATIONS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860
462-5734 / 462-5733

COMPLAINT #: 070221

I wish to file a complaint against the dealership, manufacturer, and/or distributor named below. I understand the Dealers' License & Regulations Office does not act as an attorney for an individual, but rather represents the State of Rhode Island in enforcing automobile laws falling in the jurisdiction of this office.

DATE: 8/3/07

(Please print or type)

COMPLAINANT'S NAME: Bald Hill Realty Co. d/b/a Bald Hill Subaru
(XXXXXXXXXXXXXXXXXXXXXXXX)

ADDRESS: 1035 Bald Hill Road, Warwick RI 02886
NO. STREET CITY/TOWN STATE ZIP CODE

HOME TELEPHONE#: N/A BUSINESS TELEPHONE#: (401) 822-8100

YOUR DRIVERS'S LICENSE #: N/A

NAME OF XXXXXXXXXX:
DISTRIBUTOR: Subaru of New England

ADDRESS OF DEALERSHIP: 95 Morse Street Norwood MA 02062
NO. STREET CITY/TOWN STATE ZIP CODE

DISTRIBUTOR'S
XXXXXXXXXXXXS TELEPHONE # (781)255-6369

DATE OF TRANSACTION: SEE ATTACHED TOTAL PRICE PAID: ____

SALES PERSON/AGENT: ____

VEHICLE YEAR - MAKE - MODEL: ____

ODOMETER READING AT TIME OF SALE: ____ PRESENT READING: ____

IF VEHICLE IS REGISTERED, WHAT IS YOUR REGISTRATION PLATE#: ____

DO YOU HAVE A LIEN ON THIS VEHICLE?: ____ IF YES, WITH WHOM?: ____

HAVE YOU CONTACTED ANY OTHER AGENCIES ____ IF YES, LIST BELOW: ____

HAVE YOU CONTACTED A PRIVATE ATTORNEY? YES IF SO STATE NAME & ADDRESS:

Michael J. McEntee, Esq., 915 Tollgate Road, Warwick, RI 02886

COMPLAINT #: ____________

A. WHAT TYPE OF WARRANTY DID YOU AGREE TO? ____________

B. HOW LONG OF A WARRANTY DID YOU RECEIVE? ____________

C. ON WHAT FACTS DO YOU BASE YOUR COMPLAINT? PLEASE EXPLAIN IN DETAIL:

See Attached

D. WHAT SETTLEMENT ARE YOU SEEKING? ____________

See Attached

E. EXPIRATION DATE OF RHODE ISLAND INSPECTION STICKER:- N/A

**THIS COMPLAINT MUST BE COMPLETED AND COPIES OF ALL SUPPORTING DOCUMENTS ATTACHED. SUCH AS COPY OF BILL-OF- SALE, PURCHASE ORDER AGREEMENT , SAFETY REJECTION SLIP (IF UNABLE TO PASS INSPECTION), REPAIR RECEIPTS, COPY OF WARRANTY OR GUARANTEES.**

IF YOU SUSPECT THAT THIS MAY BE A FRAUDELENT OR OTHERWISE ILLEGAL TRANSACTION, IT IS ADVISED THAT YOU CONTACT YOUR LOCAL POLICE DEPARTMENT, STATE POLICE, OR F.B.I. OFFICE REGARDING THIS MATTER.

(YOU MAY USE ADDITIONAL PAGES TO EXPLAIN YOUR ANSWER)

**COMPLAINANT MUST CONTACT THIS OFFICE WITHIN 15 DAYS OF FILING THE COMPLAINT**

BALD HILL REALTY CO. d/b/a BALD HILL SUBARU
By its Attorney,

COMPLAINANT'S SIGNATURE
Michael J. McEntee, Esq. (#2092)
915 Tollgate Road, Warwick, RI 02886 (401)823-3313

DATE: August 3, 2007

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v.

C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

**MOTION FOR STAY OF TERMINATION**

Now comes Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") and hereby files its Motion for Stay of Termination, moving that the action of the Respondent Subaru of New England, Inc. ("SNE") in terminating the Franchise Agreement between itself and Subaru of New England, Inc. be stayed pending a full hearing on the merits of the underlying case before the Motor Vehicle Dealers' Licensing Board of the Rhode Island Dealers' License and Regulations Office. As grounds for its motion, Bald Hill relies on the Memorandum submitted herewith.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v.

SUBARU OF NEW ENGLAND, INC.

Respondent.

C.A. No.

**MEMORANDUM IN SUPPORT OF BALD HILL'S MOTION FOR STAY OF TERMINATION**

## I. INTRODUCTION

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") is forced to seek relief from the Rhode Island Motor Vehicle Dealers' License and Hearing Board (the "Board") in the form of a stay of the pending termination of the Franchise Agreement between Bald Hill and the Respondent Subaru of New England, Inc. ("SNE"). With the impending franchise termination date set for September 10, 2007, Bald Hill will effectively be denied the right to have a fair hearing on the merits prior to its franchise being terminated, unless the Board issues an order staying the termination of Bald Hill's motor vehicle franchise agreement by SNE. If the Board does not issue the requested stay, the conducting of a hearing after Bald Hill has already been put out of business will make this dispute moot, causing irreparable injury to Bald Hill. The irreparable injury to Bald Hill caused by the illegal termination by SNE effective September

10, 2007, coupled with the public interests at stake, establishes the necessity of the Board to stay the franchise termination pending a decision on the merits by the Board.

## II. ARGUMENT

### The Board Has the Authority to Issue Such Orders

Under the Rhode Island General Laws, Chapter 5.1 of Title 31 regulates business practices between motor vehicle dealers and manufacturers. R.I. Gen. Laws § 31-5.1-12 charges the Board with the authority and responsibility of enforcing the provisions of the Chapter.

As this Honorable Board is aware, in the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Board considered its ability to assume jurisdiction under Chapter 5.1 and further through said case, decided that it has jurisdiction to hear disputes under R.I. Gen. Laws § 31-5.1-1, et seq., and that it has the authority to issue orders as well as revoke licenses. Further, as this Honorable Board decided in the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board has the specific authority under the chapter to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

Bald Hill and SNE were parties to a similar dispute before this Board in 1999, concerning SNE's intention to terminate the prior franchise agreement. In the 1999 matter, entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru vs. Subaru of New England, Inc., this Board granted a stay of the termination of the prior franchise agreement between the parties on the same grounds as presented herein, so that the matter could be heard by this Board on its merits. A copy of the Board's letter of September 21, 1999, referring to the stay, is attached to this Memorandum. That matter was later settled.

The Rules and Regulations of the Board (hereinafter the "Regulations") authorize certain actions the Board may take in enforcing the provisions of Chapters 31-5 and 31-5.1 through

Section II (b) of the Regulations, the Board's stated purpose is, among other things, to regulate business practices between holders of licenses. Section III of the Regulations explicitly states that the Board has the authority, not only to hear evidence, but also to make decisions in implementing the provisions of Chapter 31-5 and 31-5.1. Specifically, Section XII (a) (1) and (2) of the Regulations authorize the Board to issue cease and desist orders.

If the franchise agreement is terminated, then Bald Hill will be put out of business, and it will suffer irreparable injury. In addition, the public will suffer significant injury from such a termination. In fact, Judge Boyle spoke of the significant public interest served by franchises similar to the franchise involved in the instant matter in his opinion in Fireside Nissan, Inc. v. Daniel P. Fanning, C.A. No. 92-0198B. In that case, Judge Boyle stated that it was in the public interest that the dealer be established as a Nissan dealer in Smithfield, that the public has a stake in franchise agreements through its consumer interests, and that the public is therefore in need of the protection that Chapter 31-5.1 provides. Judge Boyle further stated that "(t)he statute at issue [Chapter 31-5.1] effects the State's ability to protect its consumers, ensure a free competitive market and regulate businesses. The State's ability to protect these interests directly affects the public interest." The Court went on to say in denying an injunction for the Massachusetts dealer seeking to stop Nissan of Smithfield, Inc. from opening as follows: "In determining whether or not to grant the injunction, this court must consider the harm to the interveners. Nissan argues that if the injunction is granted it will lose market share, customer allegiance and the dealer it has approved for Smithfield. Nissan further argues that the proposed Smithfield dealer will be harmed because they have invested a substantial amount of money and time in preparing for this dealership. Thus, the harm to the defendants and the public interest weight toward the denial of the preliminary injunction."

Also facing imminent and irreparable injury are the many employees of Bald Hill. Without the possibility of a hearing on the merits prior to the impending termination on September 10, 2007, all of Bald Hill's employees will lose their jobs through no fault of their own, but through the illegal conduct of SNE in violation of Chapter 31-5.1. Finally, the City of Warwick and the State of Rhode Island face injury through this termination by losing significant tax revenues that Bald Hill provides. Essentially, there is more at stake by this termination than SNE would lead this Board to believe.

Issuing a stay in this matter will have a three-fold effect. It will work to preserve the authority of the Board to enforce Chapter 31-5.1, which authority the Board determined it has through the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A. case. It will protect the rights of Bald Hill against a potentially illegal termination until the facts and law are determined at a proper hearing. Finally it will protect the various rights of the public, employees of Bald Hill, and State and local interests. Moreover, a stay will work no harm against SNE, by simply allowing some reasonable time for a full and fair hearing on the matter. Weighing the severity and finality of harm to Bald Hill, its employees, and the public this termination will pose, against arguably no harm to SNE by issuing a stay, the interests of equity, justice, and due process mandate the issuance of a stay by the Board of Bald Hill's franchise termination, pending a hearing by the Board on the merits of the termination under Chapter 31-5.1.

## III. CONCLUSION

The Board has the authority to issue such orders. In the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board ruled that it has the specific authority under Chapter 31-5.1 to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

The Board is authorized under the Rhode Island General Laws and its own Regulations to issue cease and desist orders and other orders. Considering the risk of irreparable harm to Bald Hill, its employees and the public, Bald Hill should not be denied the protection of the Board's legislatively-granted authority to address and rectify violations of this type before Bald Hill's franchise is illegally terminated, especially in light of the Board's ruling that it has, in fact, the authority to hear cases under Chapter 31-5.1 governing franchise termination. Therefore, Bald Hill respectfully seeks an order from the Board staying the termination of Bald Hill's Franchise Agreement until a full and proper evidentiary hearing is conducted by the Board. This order of a stay of the threatened franchise termination will prejudice no one. Moreover, the issuance of a stay of the threatened franchise termination will work to preserve the intention of the Legislature, to meaningfully address and enforce the provisions of Chapters 31-5 and 31-5.1. The issuance of a stay of the threatened franchise termination will also preserve the important private and public interests detailed above. Finally, issuance of such a stay will protect the authority and integrity of the Board. To this end, Bald Hill asks for a stay of the threatened franchise termination until there is a proper adjudication on the merits of this dispute by the Board.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

DIVISION OF MOTOR VEHICLES
286 Main Street
Pawtucket, RI 02860

September 21, 1999

Bald Hill Subaru
Attention: Mr. Robert Petrarca, SR.
1021 Bald Hill Road
Warwick, RI 02886

RE: BALD HILL SUBARU VS. SUBARU OF NEW ENGLAND

Dear Mr. Petrarca:

Please be advised that on September 16, 1999, a Show Cause Hearing was held before the Rhode Island Dealers' Hearing Board regarding a Motion to Stay filed by Bald Hill Subaru seeking a Stay of its dealership termination by Subaru of New England.

At that time, the board decided that it had jurisdiction over this matter and granted a conditional Stay to Bald Hill Subaru without judging anyone or without prejudice and without implying any guilt or liability on any party. The conditional Stay states that Subaru of New England is estopped from terminating the dealership agreement until such time that the Board has an opportunity to hear this case on the merits as well as the possibility of removal and a hearing by a higher court. The Board stated that this was the same Stay as was issued in the Nissan case, which is a conditional Stay and it, would only apply if Subaru of New England attempts termination of Bald Hill's dealership. By fashioning this decision in this manner, the Board feels that none of the party's rights are prejudiced in any manner.

X

You have ten (10) days from the date of this mailing in which to appeal this decision to the Director of the Department of Administration, One Capitol Hill, Providence, RI 02908. Please notify this office if such an appeal has been taken.

Respectfully,

Charles F. Dolan

Charles F. Dolan, Chief
Dealers' License & Regulations Office