# TAB 3

CERTIFIED
R.I. REGISTRY OF MOTOR VEHICLES
OFFICIAL STAMP

AUG - 9 2007

31 Charles J. Dolan

STATE OF RHODE ISLAND MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 03 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v. C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

**MEMORANDUM IN SUPPORT OF BALD HILL'S MOTION FOR STAY OF TERMINATION**

## I. INTRODUCTION

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") is forced to seek relief from the Rhode Island Motor Vehicle Dealers' License and Hearing Board (the "Board") in the form of a stay of the pending termination of the Franchise Agreement between Bald Hill and the Respondent Subaru of New England, Inc. ("SNE"). With the impending franchise termination date set for September 10, 2007, Bald Hill will effectively be denied the right to have a fair hearing on the merits prior to its franchise being terminated, unless the Board issues an order staying the termination of Bald Hill's motor vehicle franchise agreement by SNE. If the Board does not issue the requested stay, the conducting of a hearing after Bald Hill has already been put out of business will make this dispute moot, causing irreparable injury to Bald Hill. The irreparable injury to Bald Hill caused by the illegal termination by SNE effective September

10, 2007, coupled with the public interests at stake, establishes the necessity of the Board to stay the franchise termination pending a decision on the merits by the Board.

## II. ARGUMENT

### The Board Has the Authority to Issue Such Orders

Under the Rhode Island General Laws, Chapter 5.1 of Title 31 regulates business practices between motor vehicle dealers and manufacturers. R.I. Gen. Laws § 31-5.1-12 charges the Board with the authority and responsibility of enforcing the provisions of the Chapter.

As this Honorable Board is aware, in the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Board considered its ability to assume jurisdiction under Chapter 5.1 and further through said case, decided that it has jurisdiction to hear disputes under R.I. Gen. Laws § 31-5.1-1, et seq., and that it has the authority to issue orders as well as revoke licenses. Further, as this Honorable Board decided in the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board has the specific authority under the chapter to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

Bald Hill and SNE were parties to a similar dispute before this Board in 1999, concerning SNE's intention to terminate the prior franchise agreement. In the 1999 matter, entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru vs. Subaru of New England, Inc., this Board granted a stay of the termination of the prior franchise agreement between the parties on the same grounds as presented herein, so that the matter could be heard by this Board on its merits. A copy of the Board's letter of September 21, 1999, referring to the stay, is attached to this Memorandum. That matter was later settled.

The Rules and Regulations of the Board (hereinafter the "Regulations") authorize certain actions the Board may take in enforcing the provisions of Chapters 31-5 and 31-5.1 through

Section II (b) of the Regulations, the Board's stated purpose is, among other things, to regulate business practices between holders of licenses. Section III of the Regulations explicitly states that the Board has the authority, not only to hear evidence, but also to make decisions in implementing the provisions of Chapter 31-5 and 31-5.1. Specifically, Section XII (a) (1) and (2) of the Regulations authorize the Board to issue cease and desist orders.

If the franchise agreement is terminated, then Bald Hill will be put out of business, and it will suffer irreparable injury. In addition, the public will suffer significant injury from such a termination. In fact, Judge Boyle spoke of the significant public interest served by franchises similar to the franchise involved in the instant matter in his opinion in Fireside Nissan, Inc. v. Daniel P. Fanning, C.A. No. 92-0198B. In that case, Judge Boyle stated that it was in the public interest that the dealer be established as a Nissan dealer in Smithfield, that the public has a stake in franchise agreements through its consumer interests, and that the public is therefore in need of the protection that Chapter 31-5.1 provides. Judge Boyle further stated that "(t)he statute at issue [Chapter 31-5.1] effects the State's ability to protect its consumers, ensure a free competitive market and regulate businesses. The State's ability to protect these interests directly affects the public interest." The Court went on to say in denying an injunction for the Massachusetts dealer seeking to stop Nissan of Smithfield, Inc. from opening as follows: "In determining whether or not to grant the injunction, this court must consider the harm to the interveners. Nissan argues that if the injunction is granted it will lose market share, customer allegiance and the dealer it has approved for Smithfield. Nissan further argues that the proposed Smithfield dealer will be harmed because they have invested a substantial amount of money and time in preparing for this dealership. Thus, the harm to the defendants and the public interest weight toward the denial of the preliminary injunction."

Also facing imminent and irreparable injury are the many employees of Bald Hill. Without the possibility of a hearing on the merits prior to the impending termination on September 10, 2007, all of Bald Hill's employees will lose their jobs through no fault of their own, but through the illegal conduct of SNE in violation of Chapter 31-5.1. Finally, the City of Warwick and the State of Rhode Island face injury through this termination by losing significant tax revenues that Bald Hill provides. Essentially, there is more at stake by this termination than SNE would lead this Board to believe.

Issuing a stay in this matter will have a three-fold effect. It will work to preserve the authority of the Board to enforce Chapter 31-5.1, which authority the Board determined it has through the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A. case. It will protect the rights of Bald Hill against a potentially illegal termination until the facts and law are determined at a proper hearing. Finally it will protect the various rights of the public, employees of Bald Hill, and State and local interests. Moreover, a stay will work no harm against SNE, by simply allowing some reasonable time for a full and fair hearing on the matter. Weighing the severity and finality of harm to Bald Hill, its employees, and the public this termination will pose, against arguably no harm to SNE by issuing a stay, the interests of equity, justice, and due process mandate the issuance of a stay by the Board of Bald Hill's franchise termination, pending a hearing by the Board on the merits of the termination under Chapter 31-5.1.

## III. CONCLUSION

The Board has the authority to issue such orders. In the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board ruled that it has the specific authority under Chapter 31-5.1 to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

The Board is authorized under the Rhode Island General Laws and its own Regulations to issue cease and desist orders and other orders. Considering the risk of irreparable harm to Bald Hill, its employees and the public, Bald Hill should not be denied the protection of the Board's legislatively-granted authority to address and rectify violations of this type before Bald Hill's franchise is illegally terminated, especially in light of the Board's ruling that it has, in fact, the authority to hear cases under Chapter 31-5.1 governing franchise termination. Therefore, Bald Hill respectfully seeks an order from the Board staying the termination of Bald Hill's Franchise Agreement until a full and proper evidentiary hearing is conducted by the Board. This order of a stay of the threatened franchise termination will prejudice no one. Moreover, the issuance of a stay of the threatened franchise termination will work to preserve the intention of the Legislature, to meaningfully address and enforce the provisions of Chapters 31-5 and 31-5.1. The issuance of a stay of the threatened franchise termination will also preserve the important private and public interests detailed above. Finally, issuance of such a stay will protect the authority and integrity of the Board. To this end, Bald Hill asks for a stay of the threatened franchise termination until there is a proper adjudication on the merits of this dispute by the Board.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

DIVISION OF MOTOR VEHICLES
286 Main Street
Pawtucket, RI 02860

September 21, 1999

Bald Hill Subaru
Attention: Mr. Robert Petrarca, SR.
1021 Bald Hill Road
Warwick, RI 02886

RE: BALD HILL SUBARU VS. SUBARU OF NEW ENGLAND

Dear Mr. Petrarca:

Please be advised that on September 16, 1999, a Show Cause Hearing was held before the Rhode Island Dealers' Hearing Board regarding a Motion to Stay filed by Bald Hill Subaru seeking a Stay of its dealership termination by Subaru of New England.

At that time, the board decided that it had jurisdiction over this matter and granted a conditional Stay to Bald Hill Subaru without judging anyone or without prejudice and without implying any guilt or liability on any party. The conditional Stay states that Subaru of New England is estopped from terminating the dealership agreement until such time that the Board has an opportunity to hear this case on the merits as well as the possibility of removal and a hearing by a higher court. The Board stated that this was the same Stay as was issued in the Nissan case, which is a conditional Stay and it, would only apply if Subaru of New England attempts termination of Bald Hill's dealership. By fashioning this decision in this manner, the Board feels that none of the party's rights are prejudiced in any manner.

You have ten (10) days from the date of this mailing in which to appeal this decision to the Director of the Department of Administration, One Capitol Hill, Providence, RI 02908. Please notify this office if such an appeal has been taken.

Respectfully,

Charles F. Dolan

Charles F. Dolan, Chief
Dealers' License & Regulations Office