# TAB 8

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
DEALER HEARING BOARD

BALD HILL REALTY CO.
D/B/A BALD HILL SUBARU,

v.

SUBARU OF NEW ENGLAND, INC.

RECEIVED

AUG 0 9 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

**NOTICE OF FILING NOTICE OF REMOVAL**

PLEASE BE ADVISED that on August 8, 2007, pursuant to 28 U.S.C. §§ 1441(a) and 1446, this action was removed to the United States District Court for the District of Rhode Island pursuant to a Notice of Removal dated August 8, 2007, a copy of which is attached to this Notice.

WHEREFORE, Subaru of New England, Inc. respectfully gives notice that the Dealer Hearing Board of the Division Of Motor Vehicles, Dealers' License & Regulations Office, of the State of Rhode Island and Providence Plantations, is required to effect the removal of this case and shall proceed no further in this action pursuant to 28 U.S.C. § 1446(d) unless and until it is remanded.

CERTIFIED
R.I. REGISTRY OF MOTOR VEHICLES
OFFICIAL STAMP

AUG - 9 2007

31 Charles T. Dolan

#821767v1

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.

By its attorneys,

Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

August 9, 2007

**CERTIFICATION**

I hereby certify that I caused to be hand delivered a copy of the within Notice of Filing Notice of Removal to the attorneys of record, listed below, on this 9th day of August, 2007

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

Jennifer Bourne



#821767v1

JS-44 (Rev. 1/07 RI)

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS**
BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

(b) County of Residence of First Listed Plaintiff ____________
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

**DEFENDANTS**
SUBARU OF NEW ENGLAND, INC.

CA 07 298 S

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Mitchell R. Edwards, Esq.
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**Admiralty**
- [ ] 340 Marine(Injury to Seamen)
- [ ] 120 Marine (Other)

**Admin/Agency Appeals Other**
- [ ] 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- [ ] 422 Appeal 28 U.S.C. § 158
- [ ] 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- [ ] 140 Negotiable Instruments
- [ ] 430 Banks and Banking
- [ ] 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

**Business and Commercial**

Anti-trust
- [ ] 410 Anti-Trust

Construction Contracts
- [ ] 130 Miller Act
- [ ] 190 Other Contracts

Securities Law & Stockholder Suits
- [ ] 160 Stockholders' Suits
- [ ] 850 Securities/ Commodities/ Exchange

Other - Business/Comm.
- [ ] 196 Franchise
- [ ] 490 Cable/Satellite TV

Consumer Credit
- [ ] 371 Truth in Lending
- [ ] 480 Consumer Credit
- [ ] 190 Other Contracts

**Civil Rights**

Constitutional Law
- [ ] 950 Constitutionality of State Statutes
- [ ] 440 Other Civil Rights (Constitutionality of Federal Statutes)

Elections and Voting
- [ ] 400 State Reapportionment
- [ ] 441 Voting

Other - Civil Rights
- [ ] 440 Other Civil Rights
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 446 Americans with Disabilities

**Copyright & Trademark (Intellectual Property)**
- [ ] 820 Copyright
- [ ] 840 Trademark

**Employment and Employee Benefits**

Employment Discrimination
- [ ] 442 Employment
- [ ] 445 Americans with Disabilities- Employment
- [ ] 440 Other -Civil Rights

ERISA
- [ ] 791 Employment Ret. Inc. Security Act

Other Employment Benefits
- [X] 190 Other - Contract
- [ ] 442 Other -Employment

**Environmental Law**
- [ ] 893 Environmental Matters

**Indian Law**
- [ ] 890 Other Statutory Actions

**Insurance**
- [ ] 110 Insurance Contract

**Labor and Occupational Safety**
- [ ] 660 Occupational Safety/Health
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 730 Labor/Management Reporting and Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- [ ] 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (excluding Veterans)
- [ ] 153 Recovery of Overpayment of Veterans' Benefits
- [ ] 370 Other Fraud
- [ ] 440 Other Civil Rights (Immigration/Deportation)
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 610 Agriculture
- [ ] 620 Other Food and Drug
- [ ] 625 Drug related seizure of property
- [ ] 630 Liquor Laws
- [ ] 640 Railroad and Truck

**Miscellaneous Civil Cases Continued**
- [ ] 650 Airline Regs.
- [ ] 690 Other (Forfeiture)
- [ ] 690 Other (Health Care)
- [ ] 810 Selective Service
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party (26 U.S.C. § 7609)
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination under Equal Access to Justice Act

**Patents (Intellectual Property)**
- [ ] 830 Patents

**Prisoner Petitions**
- [ ] 510 Motions to Vacate Sentence (2254)
- [ ] 510 Motions to Vacate Sentence (2255)
- [ ] 530 General (Habeas)
- [ ] 535 Death Penalty
- [ ] 540 Mandamus and Other
- [ ] 550 Civil Rights (1983)
- [ ] 555 Prison Conditions(1983)

**Real and Personal Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease and Ejectment
- [ ] 240 Torts to Land
- [ ] 290 All other Real Property
- [ ] 380 Other Personal Property Damage

**RICO**
- [ ] 470 RICO

**Social Security**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**Torts and Personal Injury**

Mass Torts
- [ ] 360 Other Personal Injury

Products Liability
- [ ] 195 Contract Product Liability
- [ ] 245 Tort Product Liability
- [ ] 315 Airplane Product Liability
- [ ] 345 Marine Product Liability
- [ ] 355 Motor Vehicle Product Liability
- [ ] 365 Personal Injury Product Liability
- [ ] 385 Property Damage Product Liability

Professional Malpractice
- [ ] 362 Personal Injury - Med. Malpractice

Motor Vehicle Accidents/Slip and Fall
- [ ] 350 Motor Vehicles
- [ ] 360 Other Personal Injury

Other Torts and Personal Injury incl. Asbestos cases
- [ ] 360 Other Personal Injury (Fed. Tort Claims Act)
- [ ] 310 Airplane
- [ ] 320 Assault, Libel and Slander
- [ ] 330 Federal Employers' Liability
- [ ] 360 Other Personal Injury
- [ ] 368 Asbestos Personal Injury

**V. ORIGIN** (Place an "X" In One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (Specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge From Magistrate Judgment

| | |
|---|---|
| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): |
| | Brief description of cause: |

**VII. REQUESTED IN COMPLAINT** ☐ Check if this is a Class Action Under F.R.C.P. 23 DEMAND $ JURY DEMAND: ☐ Yes ☐ No (Check YES only if demanded in complaint)

**VIII. RELATED CASE(S) IF ANY** JUDGE Smith DOCKET NUMBER 075-249-S

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Date August 8, 2007 Signature of Attorney of Record [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint. You must select only one nature of suit.

VIII. RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

FOR OFFICE USE ONLY

Receipt # ________ Amount ________ Applying IFP ________ Judge ____________ Mag. Judge ____________

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

CA 07 298S

BALD HILL REALTY CO.
D/B/A BALD HILL SUBARU,

Plaintiff,

v.

SUBARU OF NEW ENGLAND, INC.,

Defendant.

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant, Subaru of New England, Inc. ("SNE"), files this Notice of Removal. As grounds for removal, SNE states as follows:

1. SNE is the Defendant in a civil action entitled, Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., commenced by the Plaintiff, Bald Hill Realty Co. d/b/a Bald Hill Subaru ("Bald Hill"), in the Dealer Hearing Board of the Division Of Motor Vehicles, Dealers' License & Regulations Office, of the State of Rhode Island and Providence Plantations ("Dealer Board").

2. SNE received a copy of Bald Hill's Complaint with the Dealer Board on August 7, 2007, as an exhibit to Bald Hill's motion to dismiss SNE's earlier-filed complaint in this Court, in the civil action entitled Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, Civil Action No. 2007-249-S (filed June 29, 2007, Smith, J. presiding). SNE received copies of Bald Hill's Motion to Stay Termination (filed August 3, 2007) and Amended

Complaint (filed August 8, 2007) through its counsel who obtained these materials by visiting the Dealer Board.

3. In resolving the issues raised by Bald Hill's Complaint, the Dealer Board will function in this matter similar to a state court, rendering removal appropriate under 28 U.S.C. § 1441(a). See, e.g., Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38, 43-44 (1st Cir. 1972) (adopting functional test for determining whether administrative agency acts as "state court" for purposes of removal statute).

4. In a similar context in proceedings in this Court between these same parties in 1999, in the civil action entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., Civil Action No. 99-444 (action removed by SNE from Dealer Board) and the related action, Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, Civil Action No. 99-466 (action filed by SNE in this Court), the Court (Torres, J.) (i) found that the Dealer Board qualified as a court within the meaning of 28 U.S.C. § 1441(a) and, therefore, that Bald Hill's 1999 Dealer Board Complaint was properly removed, and denied Bald Hill's motion to remand; and (ii) denied Bald Hill's motion to dismiss SNE's action on abstention grounds as moot.

5. There is complete diversity of citizenship between the parties. The Defendant, SNE, is a Massachusetts corporation with a principal place of business in Massachusetts, and, on information and belief, the Plaintiff, Bald Hill, is a Rhode Island corporation with a principal place of business in Rhode Island.

6. The matter in controversy between Bald Hill and SNE exceeds the value of $75,000.00.

7. Consequently, this Court has original diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), and because SNE is not a citizen of Rhode Island, where Bald Hill commenced it, removal of the action to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and (b).

8. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81(a), attached as Exhibit A hereto is a copy of the Complaint, the Amended Complaint and the Motion for Stay of Termination, which are all of the papers that were filed with the Dealer Board by Bald Hill of which SNE is aware.

9. This Notice of Removal has been filed within the time required by 28 U.S.C.A. § 1446(b).

WHEREFORE, SNE prays that this action be removed from the Dealer Hearing Board to the United States District Court for the District of Rhode Island.

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.

By its attorneys,

Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com



821764v1

Case 1:07-cv-00298-S-DLM Document 1 Filed 08/08/2007 Page 4 of 5

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD, LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(*pro hac* application to be filed)

Kathleen M. Genova
SUBARU OF NEW ENGLAND, INC.
95 Morse Street
Norwood, MA 02062
(781) 255-6395
(*pro hac* application to be filed)

August 8, 2007

## CERTIFICATION

I hereby certify that I mailed a copy of the within Notice of Removal via regular mail to the attorneys of record, listed below, on this 8th day of August, 2007

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

Jennifer Bourne

EXHIBIT 1

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v.

C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

## COMPLAINT

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill"), a Rhode Island Corporation and a franchised and licensed Subaru Dealer, brings this complaint against Respondent Subaru of New England, Inc. ("SNE") for'violations ofR.I. Gen. Laws § 31-5.1-4, which will be enumerated herein, and requests a hearing on said violations.

1. Bald Hill has been a new car automobile dealer of SNE since 1978 in the Warwick, Rhode Island area.

2. Since its inception, Bald Hill has been a leader in the sale of SNE's autos and consistently one of the top sellers in the State of Rhode Island .

3. Bald Hill has since its inception, maintained a very high (CSI) customer satisfaction rating in the region.

4. Bald Hill has incurred considerable expense to build and maintain a state of the art facility in Warwick, Rhode Island, and expends significant monies in promotion and advertising of SNE's product.

5. Bald Hill ~as received on numerous occasions the "Added Security Superstar Award" from SNE.

6. Bald Hill has received the "Parts and Service Million Dollar Club" award from SNE.

7. Bald Hill has received numerous other awards from SNE.

8. On or about December 29, 1999, Bald Hill exercised its rights under R.I. Gen. Laws § 31-5.1-4.2 and filed an objection to a proposed new dealership at 939 Newport Avenue, Pawtucket, RI, hereinafter referred to as "Protest".

9. Furthermore, on o1: about March 5, 1999, Bald Hill joined in a class action lawsuit with other Dealers in New England against SNE and Ernest Boch individually. Said Complaint was filed in the U.S. District Court, District of New Hampshire, alleging, among other things, that SNE engaged in an option packing scheme which is expressly prohibited under the laws of each of six New England states, and more specifically, prohibited under R.I. Gen Laws § 31-5.1-4.

10. In said class action lawsuit, it was specifically alleged, among other things, that SNE engaged in a number of illegal and coercive tactics designed to force Bald Hill and other dealers to accede to the option packing scheme. These coercive tactics included imposing unreasonable performance standards and threatening terminq.tion or terminating dealers based on these unreasonable standards and without good cause .

11. As a result of Bald Hill having exercised its rights under R.I. Gen. Laws § 31-5.1-4.2, by filing the Protest, and as a result of Bald Hill joining a class action lawsuit against SNE, SNE issued a letter of termination on June 25,1999, effective September 27, 1999.

12. As a result of the June 25, 1999 letter of termination, Bald Hill brought an action before the Dealer's License Commission; in response, SNE filed a complaint in the U.S. District Court for the District of Rhode Island requesting declaratory relief.

13. Subsequently, a settlement was reached between Bald Hill and SNE, both matters were dismissed, and the parties entered into a Franchise Agreement for a five-year period commencing April 1, 2004.

14. Notwithstanding, the actions by SNE against Bald Hill created a climate of hostility from SNE to Bald Hill.

15. From April 1, 2004 through the present, Bald Hill has continued to sell Subarus distributed by SNE to Bald Hill, despite an economy wherein the sale of cars, particularly Subarus, has declined.

16. On November 14,2006, SNE sent to Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise.

17. In said letter, SNE provided Bald Hill with an unreasonable performance criteria which SNE stated Bald Hill must achieve by May 31, 2007 or SNE would send Bald Hill a termination letter terminating Bald Hill's Franchise Agreement with SNE.

18 ... In said letter, SNE stated that Bald Hill must "sell 288 new Subarus between December 1, 2006 and May 31, 2007 ... "; but this six-month objective was nearly equal to the twelve-month objective for membership in SNE's 2007 Presidential Club (317 new Subaru sales).

19. Faced with this unreasonable performance criteria, Bald I-Till's actual reported sales for the six-month period was 141, according to SNE in its Notice of Termination ofSubaru Dealer Agreement and Franchise, dated June 6, 2007.

20. SNE violated the notice requirements ofR.I. Gen. Laws § *31-5.1* .. *A* (d)(2)(i)&(ii) in that the performance criteria established by SNE for Bald Hill was unreasonable in light of the economy and market.

Case 1:07-cv-00249-S-DLM Document 6 Filed 08/07/2007 Page 4 of 5

21. Due to thϵ unreasonable performance criteria established by SNE, SNE has failed to provide good cause for the termination of Bald Hill in violation of R.I. Gen. Laws § 31-5.1-4 ( d)(2)(i).

22 .. By establishing an unreasonable performance criteria for Bald Hill, SNE has not acted in good faith, in violation ofR.I. Gen. Laws § 31-5.1-4 (d)(2)(iv).

23. SNE does not have good cause as required by R.I. Gen. Laws § 31-5.1-4 (d)(l )(ii)&(iii) and has violated said Act by not acting in good faith in issuing a letter of tem l ination; further, SNE's actiotl in its letter of termination is arbitrary, in bad faith, unconscionable, and causes damages to Bald Hill and the public.

24. SNE violated R.I. Gen. Laws § 31-5.1~3, in that SNE's termination of Bald I-lill's Franchise Agreement, without good cause, and by establishing an unreasonable performance criteria, constitutes an unfair or deceptive act or practice.

25. R.I. Gen. Laws § 31-5.1-12 authorizes this Commission to enforce the provisions of Chapter 31-5.1 and to hold a hearing to show cause why SNE should not be sanctioned, and determine why it should not be ordered to comply with the sections of this chapter.

26. Further, Bald Hill states that under R.I. Gen. Laws § 31-5-23 SNE failed to comply with R.I. Gen. Laws § 31-5-21 through 31-5-27, inclusive, and as aforesaid stated, failed to comply with R.I. Gen. Laws § 31-5.1-1 through 31-5.1-16, inclusive.

27. SNE violated R.I. Gen. Laws § 31-5-23 (7) and has, without provocation, cancelled the franchise of Bald Hill.

28. SNE violated R.I. Gen. Laws § 31-5-23 (8) in that it, without due regard to the equities of Bald Hill, without just provocation issued a letter of termination of Bald I-lill's franchise.

29. R.I. Gen .. Laws § 31-5-23 provides that SNE's license may be suspended or revoked by this Board for violations of the subsections of R.I. Gen. Laws § 31-5-23.

WHEREFORE, Bald Hill respectfully request that the Commission under the powers given to it, pursuant to R.I. Gen. Laws § 31-5.1-12 and R.I. Gen. Laws § 31-5-23, enforce the provisions of Chapters 31-5 and 31-5.1 by granting the following relief:

(1) that this Board find that good cause does not exist for the termination, that SNE acted in bad faith, and that SNE be ordered by this Board to comply by revoking its letter of termination and reinstating Bald Hill's franchise;

(2) that this Board sanction SNE for acting in bad faith in violation of Rhode Island Law and order SNE to pay Bald Hill's attorneys fees and costs; and

(3) that this Board find, because of SNE's misconduct, that SNE's license to sell Subaru automobiles in the State of Rhode Island be revoked and/or suspended per R.I. Gen. Laws § 31-5-. 25.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Dated: August 3, 2007

Michael J. McEntee, E
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860

DATE:______________

TO: SUBARU OF NEW ENGLAND
ATTN: TIMOTHY PIKE, DISTRICT SALES MANAGER
95 MORSE ST
NORWOOD, MA 02062

RE: BALD HILL SUBARU DODGE V. SUBARU OF NEW ENGLAND

Dear Mr. Pike:

We are writing in response to a complaint filed with this office, please see enclosed. We ask that you respond in writing to said complaint within ten (10) days of this notification. All information pertaining to this complaint should be forwarded to: Kevin J. Rabbitt, the investigator assigned.

**You must send copies of all documents including bill of sale, title, tax forms, inspection report, etc.,**

Be advised that we prefer to investigate such complaints on an informal basis with the cooperation of both parties in order to resolve these matters.

If you fail to respond to this complaint in writing within the ten (10) days you will be required to appear before the Dealers' Hearing Board to determine whether your dealership license should be suspended or revoked. Pursuant to Rhode Island General Laws §35-5-2 and §31-5-11.

Any further inquiries shall be directed to the aforementioned license investigator at 462-5733

Respectfully submitted,

RHODE ISLAND DEALERS' LICENSE
AND REGULATIONS OFFICE

Joseph D. Monteiro

Mr. Joseph Monteiro, Chief
Enforcement/Regulations Office

~~cc: Investigator~~

Case 1:07-cv-00298-S-DLM Document 1 Filed 08/08/2007 Page 2 of

FOR OFFICE USE ONLY

RECEIVED

AUG 08 2007

RHODE ISLAND MOTOR VEHICLE DEALER LICENSE & REGULATIONS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE

DIVISION OF MOTOR VEHICLES

100 Main Street

Pawtucket, RI 02860

462-5734 / 462-5733

AMENDED

COMPLAINT #: ______________________

I wish to file a complaint against the dealership, manufacturer, and/or distributor named below. I understand the Dealers' License & Regulations Office does not act as an attorney for an individual, but rather represents the State of Rhode Island in enforcing automobile laws falling in the jurisdiction of this office.

DATE: 8/8/07

(Please print or type)

COMPLAINANT'S NAME: Bald Hill Realty Co. d/b/a Bald Hill Subaru
(XXXXXXXXXXXXXXXXXXXXXXXX)

ADDRESS: 1035 Bald Hill Road, Warwick RI 02886
NO. STREET CITY/TOWN STATE ZIP CODE

HOME TELEPHONE#: N/A BUSINESS TELEPHONE#: (401) 822-8100

YOUR DRIVERS'S LICENSE #: N/A

NAME OF XXXXXXXXXX:
DISTRIBUTOR: Subaru of New England

ADDRESS OF DEALERSHIP: 95 Morse Street Norwood MA 02062
NO. STREET CITY/TOWN STATE ZIP CODE

DISTRIBUTOR'S
XXXXXXXXXX TELEPHONE # (781)255-6369

DATE OF TRANSACTION: SEE ATTACHED TOTAL PRICE PAID: ______________

SALES PERSON/AGENT: ______________

VEHICLE YEAR - MAKE - MODEL: ______________

ODOMETER READING AT TIME OF SALE: ______________ PRESENT READING: ______________

IF VEHICLE IS REGISTERED, WHAT IS YOUR REGISTRATION PLATE#: ______________

DO YOU HAVE A LIEN ON THIS VEHICLE?: ______ IF YES, WITH WHOM?: ______________

HAVE YOU CONTACTED ANY OTHER AGENCIES ______ IF YES, LIST BELOW: ______________

HAVE YOU CONTACTED A PRIVATE ATTORNEY? YES IF SO STATE NAME & ADDRESS:

Michael J. McEntee, Esq., 915 Tollgate Road, Warwick, RI 02886

COMPLAINT #: ____________

A. WHAT TYPE OF WARRANTY DID YOU AGREE TO? ____________

B. HOW LONG OF A WARRANTY DID YOU RECEIVE? ____________

C. ON WHAT FACTS DO YOU BASE YOUR COMPLAINT? PLEASE EXPLAIN IN DETAIL:

See Attached

D. WHAT SETTLEMENT ARE YOU SEEKING? ____________

See Attached

E. EXPIRATION DATE OF RHODE ISLAND INSPECTION STICKER:- N/A

THIS COMPLAINT MUST BE COMPLETED AND COPIES OF ALL SUPPORTING DOCUMENTS ATTACHED. SUCH AS COPY OF BILL-OF- SALE, PURCHASE ORDER AGREEMENT, SAFETY REJECTION SLIP (IF UNABLE TO PASS INSPECTION), REPAIR RECEIPTS, COPY OF WARRANTY OR GUARANTEES.

IF YOU SUSPECT THAT THIS MAY BE A FRAUDELENT OR OTHERWISE ILLEGAL TRANSACTION, IT IS ADVISED THAT YOU CONTACT YOUR LOCAL POLICE DEPARTMENT, STATE POLICE, OR F.B.I. OFFICE REGARDING THIS MATTER.

(YOU MAY USE ADDITIONAL PAGES TO EXPLAIN YOUR ANSWER)

COMPLAINANT MUST CONTACT THIS OFFICE WITHIN 15 DAYS OF FILING THE COMPLAINT

BALD HILL REALTY CO. d/b/a BALD HILL SUBARU
By its Attorney,

COMPLAINANT'S SIGNATURE

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road, Warwick, RI 02886 (401)823-3313

DATE: August 8, 2007

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 8 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v.

SUBARU OF NEW ENGLAND, INC.

Respondent.

C.A. No.

**AMENDED COMPLAINT**

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill"), a Rhode Island Corporation and a franchised and licensed Subaru Dealer, brings this complaint against Respondent Subaru of New England, Inc. ("SNE") for violations of R.I. Gen. Laws § 31-5.1-4, which will be enumerated herein, and requests a hearing on said violations.

1. Bald Hill has been a new car automobile dealer of SNE since 1978 in the Warwick, Rhode Island area.

2. Since its inception, Bald Hill has been a leader in the sale of SNE's autos and consistently one of the top sellers in the State of Rhode Island.

3. Bald Hill has since its inception, maintained a very high (CSI) customer satisfaction rating in the region.

4. Bald Hill has incurred considerable expense to build and maintain a state of the art facility in Warwick, Rhode Island, and expends significant monies in promotion and advertising of SNE's product.

5. Bald Hill has received the "Subaru Stellar Performer Certification" from Subaru of America, Inc. for its exceptional sales and service performance.

6. Bald Hill has received on numerous occasions the "Added Security Superstar Award" from SNE.

7. Bald Hill has received the "Parts and Service Million Dollar Club" award from SNE.

8. Bald Hill has received numerous other awards from SNE.

9. On or about December 29, 1999, Bald Hill had exercised its rights under R.I. Gen. Laws § 31-5.1-4.2 and filed an objection to a proposed new dealership at 939 Newport Avenue, Pawtucket, RI, hereinafter referred to as "Protest".

10. As a result of Bald Hill having exercised its rights under R.I. Gen. Laws § 31-5.1-4.2, by filing the Protest, and as a result of Bald Hill joining a class action lawsuit against SNE, SNE issued a letter of termination on June 25, 1999, effective September 27, 1999.

11. As a result of the June 25, 1999 letter of termination, Bald Hill brought an action before the Dealer's License Commission; in response, SNE filed a complaint in the U.S. District Court for the District of Rhode Island requesting declaratory relief.

12. Subsequently, a settlement was reached between Bald Hill and SNE, both matters were dismissed, and the parties entered into a Franchise Agreement for a five-year period commencing April 1, 2004.

13. Notwithstanding, the actions by SNE against Bald Hill created a climate of hostility from SNE to Bald Hill.

14. From April 1, 2004 through the present, Bald Hill has continued to sell Subarus distributed by SNE to Bald Hill, despite an economy wherein the sale of cars, particularly Subarus, has declined.

15. Bald Hill's performance was exceptional in 2004 and in other years during the five-year Franchise Agreement, as evidenced by Bald Hill's "Subaru Stellar Performer Certification" received from Subaru of America, Inc., and its sales and service record, but the economy has severely impaired Bald Hill's performance.

16. According to SNE's 2007 YTD sales figures, Bald Hill's sales are down from last year YTD by 23.6%, but five other dealerships within SNE's franchise are down in sales from last year YTD by a greater percentage, ranging from 24.0% to 56.8%, according to SNE's sales figures.

17. According to SNE's July 2007 newsletter, Bald Hill's July 2007 sales were down by 52.63% in comparison to July 2006, but at least two other dealerships within SNE's franchise were down by a greater percentags, and most other dealerships within SNE's franchise were down by a large percentage, between 25% and 45%; only one dealership in the franchise was up in sales in July 2007 in comparison to July 2006.

18. On November 14, 2006, SNE sent to Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise.

19. In said letter, SNE provided Bald Hill with an unreasonable performance criteria which SNE stated Bald Hill must achieve by May 31, 2007 or SNE would send Bald Hill a termination letter terminating Bald Hill's Franchise Agreement with SNE.

20. In said letter, SNE stated that Bald Hill must "sell 288 new Subarus between December 1, 2006 and May 31, 2007…"; but this unreasonable six-month objective was nearly equal to the twelve-month objective for membership in SNE's 2007 Presidential Club (317 new Subaru sales).

21. SNE knew from its own sales figures that Bald Hill's all-time high is 467 new Subaru sales in a single year, half of which is 234.

22. Over the six-month period between December 1, 2006 and May 31, 2007, new Subaru sales by the fourteen dealerships within SNE's franchise ranged from 57 to 274, with an average of 140; no one achieved 288 new sales.

23. Faced with the unreasonable performance criteria of 288 new sales between December 1, 2006 and May 31, 2007, Bald Hill's actual reported sales for that period was 141, just above the franchise-wide average for sales.

24. SNE sent Bald Hill its Notice of Termination of Subaru Dealer Agreement and Franchise by letter dated June 6, 2007.

25. SNE violated the notice requirements of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i)&(ii) in that the performance criteria established by SNE for Bald Hill was unreasonable in light of the economy and market.

26. Due to the unreasonable performance criteria established by SNE, SNE has failed to provide good cause for the termination of Bald Hill in violation of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i).

27. By establishing an unreasonable performance criteria for Bald Hill, SNE has not acted in good faith, in violation of R.I. Gen. Laws § 31-5.1-4 (d)(2)(iv).

28. SNE does not have good cause as required by R.I. Gen. Laws § 31-5.1-4 (d)(1)(ii)&(iii) and has violated said Act by not acting in good faith in issuing a letter of termination; further, SNE's action in its letter of termination is arbitrary, in bad faith, unconscionable, and causes damages to Bald Hill and the public.

29. SNE violated R.I. Gen. Laws § 31-5.1-3, in that SNE's termination of Bald Hill's Franchise Agreement, without good cause, and by establishing an unreasonable performance criteria, constitutes an unfair or deceptive act or practice.

30. R.I. Gen. Laws § 31-5.1-12 and Chapter XII of this Board's Rules and Regulations authorizes this Commission to enforce the provisions of Chapters 31-5 and 31-5.1 and to hold a hearing to show cause why SNE should not be sanctioned, and determine why it should not be ordered to comply with the sections of this chapter.

31. Further, Bald Hill states that under R.I. Gen. Laws § 31-5-23 SNE failed to comply with R.I. Gen. Laws § 31-5-21 through 31-5-27, inclusive, and as aforesaid stated, failed to comply with R.I. Gen. Laws § 31-5.1-1 through 31-5.1-16, inclusive.

32. SNE violated R.I. Gen. Laws § 31-5-23 (7) and has, without provocation, cancelled the franchise of Bald Hill.

33. SNE violated R.I. Gen. Laws § 31-5-23 (8) in that it, without due regard to the equities of Bald Hill, without just provocation issued a letter of termination of Bald Hill's franchise.

34. R.I. Gen. Laws § 31-5-23 provides that SNE's license may be suspended or revoked by this Board for violations of the subsections of R.I. Gen. Laws § 31-5-23.

WHEREFORE, Bald Hill respectfully request that the Commission under the powers given to it, pursuant to R.I. Gen. Laws § 31-5.1-12, R.I. Gen. Laws § 31-5-23, and Chapter XII of this Board's Rules and Regulations, enforce the provisions of Chapters 31-5 and 31-5.1 by granting the following relief:

(1) that this Board find that good cause does not exist for the termination, that SNE acted in bad faith, and that SNE be ordered to cease and desist from terminating Bald Hill's franchise agreement;

Case 1:07-cv-00298-S-DLM Document 1 Filed 08/08/2007 Page 9 of 19

(2) that this Board fine SNE for acting in bad faith in violation of Rhode Island Law and order SNE to pay Bald Hill's attorneys fees and costs; and

(3) that this Board find, because of SNE's misconduct, that SNE's license to sell Subaru automobiles in the State of Rhode Island be revoked and/or suspended per R.I. Gen. Laws § 31-5-25.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

Dated: August 8, 2007

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860

DATE: 08-07-07

TO: SUBARU OF NEW ENGLAND
ATTN: TIMOTHY PIKE, DISTRICT SALES MANAGER
95 MORSE ST
NORWOOD, MA 02062

RE: BALD HILL SUBARU DODGE V. SUBARU OF NEW ENGLAND

Dear Mr. Pike:

We are writing in response to a complaint filed with this office, please see enclosed. We ask that you respond in writing to said complaint within ten (10) days of this notification. All information pertaining to this complaint should be forwarded to:
Kevin J. Rabbitt, the investigator assigned.

**You must send copies of all documents including bill of sale, title, tax forms, inspection report, etc.,**

Be advised that we prefer to investigate such complaints on an informal basis with the cooperation of both parties in order to resolve these matters.

If you fail to respond to this complaint in writing within the ten (10) days you will be required to appear before the Dealers' Hearing Board to determine whether your dealership license should be suspended or revoked. Pursuant to Rhode Island General Laws §35-5-2 and §31-5-11.

Any further inquiries shall be directed to the aforementioned license investigator at 462-5733

Respectfully submitted,

RHODE ISLAND DEALERS' LICENSE
AND REGULATIONS OFFICE

Joseph J. Monteiro

Mr. Joseph Monteiro, Chief
Enforcement/Regulations Office

cc: Investigator

FOR OFFICE USE ONLY
DATE RECEIVED

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE DEALER LICENSE & REGULATIONS

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
RHODE ISLAND DEALERS' LICENSE & REGULATIONS OFFICE
DIVISION OF MOTOR VEHICLES
100 Main Street
Pawtucket, RI 02860
462-5734 / 462-5733

COMPLAINT #: 070221

I wish to file a complaint against the dealership, manufacturer, and/or distributor named below. I understand the Dealers' License & Regulations Office does not act as an attorney for an individual, but rather represents the State of Rhode Island in enforcing automobile laws falling in the jurisdiction of this office.

DATE: 8/3/07

(Please print or type)

COMPLAINANT'S NAME: Bald Hill Realty Co. d/b/a Bald Hill Subaru
(XXXXXXXXXXXXXXXXXXXXX)

ADDRESS: 1035 Bald Hill Road, Warwick RI 02886
NO. STREET CITY/TOWN STATE ZIP CODE

HOME TELEPHONE#: N/A BUSINESS TELEPHONE#: (401):822-8100

YOUR DRIVERS'S LICENSE #: N/A

NAME OF XXXXXXXXXX: DISTRIBUTOR: Subaru of New England

ADDRESS OF DEALERSHIP: 95 Morse Street Norwood MA 02062
NO. STREET CITY/TOWN STATE ZIP CODE

DISTRIBUTOR'S XXXXXXXXXXX'S TELEPHONE # (781)255-6369

DATE OF TRANSACTION: SEE ATTACHED TOTAL PRICE PAID: ____

SALES PERSON/AGENT: ____

VEHICLE YEAR - MAKE - MODEL: ____

ODOMETER READING AT TIME OF SALE: ____ PRESENT READING: ____

IF VEHICLE IS REGISTERED, WHAT IS YOUR REGISTRATION PLATE#: ____

DO YOU HAVE A LIEN ON THIS VEHICLE?: ____ IF YES, WITH WHOM?: ____

HAVE YOU CONTACTED ANY OTHER AGENCIES ____ IF YES, LIST BELOW: ____

HAVE YOU CONTACTED A PRIVATE ATTORNEY? YES IF SO STATE NAME & ADDRESS:

Michael J. McEntee, Esq., 915 Tollgate Road, Warwick, RI 02886

Case 1:07-cv-00298-S-DLM Document 1 Filed 08/08/2007 Page 12 of 19

COMPLAINT #: ____________________

A. WHAT TYPE OF WARRANTY DID YOU AGREE TO? ____________________

B. HOW LONG OF A WARRANTY DID YOU RECEIVE? ____________________

C. ON WHAT FACTS DO YOU BASE YOUR COMPLAINT? PLEASE EXPLAIN IN DETAIL:

See Attached

D. WHAT SETTLEMENT ARE YOU SEEKING? ____________________

See Attached

E. EXPIRATION DATE OF RHODE ISLAND INSPECTION STICKER:- N/A

**THIS COMPLAINT MUST BE COMPLETED AND COPIES OF ALL SUPPORTING DOCUMENTS ATTACHED. SUCH AS COPY OF BILL-OF- SALE, PURCHASE ORDER AGREEMENT , SAFETY REJECTION SLIP (IF UNABLE TO PASS INSPECTION), REPAIR RECEIPTS, COPY OF WARRANTY OR GUARANTEES.**

IF YOU SUSPECT THAT THIS MAY BE A FRAUDELENT OR OTHERWISE ILLEGAL TRANSACTION, IT IS ADVISED THAT YOU CONTACT YOUR LOCAL POLICE DEPARTMENT, STATE POLICE, OR F.B.I. OFFICE REGARDING THIS MATTER.

(YOU MAY USE ADDITIONAL PAGES TO EXPLAIN YOUR ANSWER)

COMPLAINANT MUST CONTACT THIS OFFICE WITHIN 15 DAYS OF FILING THE COMPLAINT

BALD HILL REALTY CO. d/b/a BALD HILL SUBARU
By its Attorney,

COMPLAINANT'S SIGNATURE
Michael J. McEntee, Esq. (#2092)
915 Tollgate Road, Warwick, RI 02886 (401)823-3313

DATE: August 3, 2007

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v. C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

## MOTION FOR STAY OF TERMINATION

Now comes Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") and hereby files its Motion for Stay of Termination, moving that the action of the Respondent Subaru of New England, Inc. ("SNE") in terminating the Franchise Agreement between itself and Subaru of New England, Inc. be stayed pending a full hearing on the merits of the underlying case before the Motor Vehicle Dealers' Licensing Board of the Rhode Island Dealers' License and Regulations Office. As grounds for its motion, Bald Hill relies on the Memorandum submitted herewith.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND

MOTOR VEHICLE DEALERS
LICENSE AND HEARING BOARD

RECEIVED

AUG 0 3 2007

RHODE ISLAND MOTOR VEHICLE
DEALER LICENSE & REGULATIONS

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v. C.A. No.

SUBARU OF NEW ENGLAND, INC.

Respondent.

**MEMORANDUM IN SUPPORT OF BALD HILL'S MOTION FOR STAY OF TERMINATION**

## I. INTRODUCTION

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") is forced to seek relief from the Rhode Island Motor Vehicle Dealers' License and Hearing Board (the "Board") in the form of a stay of the pending termination of the Franchise Agreement between Bald Hill and the Respondent Subaru of New England, Inc. ("SNE"). With the impending franchise termination date set for September 10, 2007, Bald Hill will effectively be denied the right to have a fair hearing on the merits prior to its franchise being terminated, unless the Board issues an order staying the termination of Bald Hill's motor vehicle franchise agreement by SNE. If the Board does not issue the requested stay, the conducting of a hearing after Bald Hill has already been put out of business will make this dispute moot, causing irreparable injury to Bald Hill. The irreparable injury to Bald Hill caused by the illegal termination by SNE effective September

10, 2007, coupled with the public interests at stake, establishes the necessity of the Board to stay the franchise termination pending a decision on the merits by the Board.

## II. ARGUMENT

### The Board Has the Authority to Issue Such Orders

Under the Rhode Island General Laws, Chapter 5.1 of Title 31 regulates business practices between motor vehicle dealers and manufacturers. R.I. Gen. Laws § 31-5.1-12 charges the Board with the authority and responsibility of enforcing the provisions of the Chapter.

As this Honorable Board is aware, in the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Board considered its ability to assume jurisdiction under Chapter 5.1 and further through said case, decided that it has jurisdiction to hear disputes under R.I. Gen. Laws § 31-5.1-1, et seq., and that it has the authority to issue orders as well as revoke licenses. Further, as this Honorable Board decided in the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board has the specific authority under the chapter to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

Bald Hill and SNE were parties to a similar dispute before this Board in 1999, concerning SNE's intention to terminate the prior franchise agreement. In the 1999 matter, entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru vs. Subaru of New England, Inc., this Board granted a stay of the termination of the prior franchise agreement between the parties on the same grounds as presented herein, so that the matter could be heard by this Board on its merits. A copy of the Board's letter of September 21, 1999, referring to the stay, is attached to this Memorandum. That matter was later settled.

The Rules and Regulations of the Board (hereinafter the "Regulations") authorize certain actions the Board may take in enforcing the provisions of Chapters 31-5 and 31-5.1 through

Section II (b) of the Regulations, the Board's stated purpose is, among other things, to regulate business practices between holders of licenses. Section III of the Regulations explicitly states that the Board has the authority, not only to hear evidence, but also to make decisions in implementing the provisions of Chapter 31-5 and 31-5.1. Specifically, Section XII (a) (1) and (2) of the Regulations authorize the Board to issue cease and desist orders.

If the franchise agreement is terminated, then Bald Hill will be put out of business, and it will suffer irreparable injury. In addition, the public will suffer significant injury from such a termination. In fact, Judge Boyle spoke of the significant public interest served by franchises similar to the franchise involved in the instant matter in his opinion in Fireside Nissan, Inc. v. Daniel P. Fanning, C.A. No. 92-0198B. In that case, Judge Boyle stated that it was in the public interest that the dealer be established as a Nissan dealer in Smithfield, that the public has a stake in franchise agreements through its consumer interests, and that the public is therefore in need of the protection that Chapter 31-5.1 provides. Judge Boyle further stated that "(t)he statute at issue [Chapter 31-5.1] effects the State's ability to protect its consumers, ensure a free competitive market and regulate businesses. The State's ability to protect these interests directly affects the public interest." The Court went on to say in denying an injunction for the Massachusetts dealer seeking to stop Nissan of Smithfield, Inc. from opening as follows: "In determining whether or not to grant the injunction, this court must consider the harm to the interveners. Nissan argues that if the injunction is granted it will lose market share, customer allegiance and the dealer it has approved for Smithfield. Nissan further argues that the proposed Smithfield dealer will be harmed because they have invested a substantial amount of money and time in preparing for this dealership. Thus, the harm to the defendants and the public interest weight toward the denial of the preliminary injunction."

Also facing imminent and irreparable injury are the many employees of Bald Hill. Without the possibility of a hearing on the merits prior to the impending termination on September 10, 2007, all of Bald Hill's employees will lose their jobs through no fault of their own, but through the illegal conduct of SNE in violation of Chapter 31-5.1. Finally, the City of Warwick and the State of Rhode Island face injury through this termination by losing significant tax revenues that Bald Hill provides. Essentially, there is more at stake by this termination than SNE would lead this Board to believe.

Issuing a stay in this matter will have a three-fold effect. It will work to preserve the authority of the Board to enforce Chapter 31-5.1, which authority the Board determined it has through the Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A. case. It will protect the rights of Bald Hill against a potentially illegal termination until the facts and law are determined at a proper hearing. Finally it will protect the various rights of the public, employees of Bald Hill, and State and local interests. Moreover, a stay will work no harm against SNE, by simply allowing some reasonable time for a full and fair hearing on the matter. Weighing the severity and finality of harm to Bald Hill, its employees, and the public this termination will pose, against arguably no harm to SNE by issuing a stay, the interests of equity, justice, and due process mandate the issuance of a stay by the Board of Bald Hill's franchise termination, pending a hearing by the Board on the merits of the termination under Chapter 31-5.1.

## III. CONCLUSION

The Board has the authority to issue such orders. In the matter of Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., this Honorable Board ruled that it has the specific authority under Chapter 31-5.1 to issue a stay of a threatened franchise termination which is being contested by Bald Hill.

Case 1:07-cv-00298-S-DLM Document 1 Filed 08/08/2007 Page 18 of 19

The Board is authorized under the Rhode Island General Laws and its own Regulations to issue cease and desist orders and other orders. Considering the risk of irreparable harm to Bald Hill, its employees and the public, Bald Hill should not be denied the protection of the Board's legislatively-granted authority to address and rectify violations of this type before Bald Hill's franchise is illegally terminated, especially in light of the Board's ruling that it has, in fact, the authority to hear cases under Chapter 31-5.1 governing franchise termination. Therefore, Bald Hill respectfully seeks an order from the Board staying the termination of Bald Hill's Franchise Agreement until a full and proper evidentiary hearing is conducted by the Board. This order of a stay of the threatened franchise termination will prejudice no one. Moreover, the issuance of a stay of the threatened franchise termination will work to preserve the intention of the Legislature, to meaningfully address and enforce the provisions of Chapters 31-5 and 31-5.1. The issuance of a stay of the threatened franchise termination will also preserve the important private and public interests detailed above. Finally, issuance of such a stay will protect the authority and integrity of the Board. To this end, Bald Hill asks for a stay of the threatened franchise termination until there is a proper adjudication on the merits of this dispute by the Board.

Respectfully submitted,

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU
By its Attorney,

Michael J. McEntee, Esq. (#2092)
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

DIVISION OF MOTOR VEHICLES
286 Main Street
Pawtucket, RI 02860

September 21, 1999

Bald Hill Subaru
Attention: Mr. Robert Petrarca, SR.
1021 Bald Hill Road
Warwick, RI 02886

RE: BALD HILL SUBARU VS. SUBARU OF NEW ENGLAND

Dear Mr. Petrarca:

Please be advised that on September 16, 1999, a Show Cause Hearing was held before the Rhode Island Dealers' Hearing Board regarding a Motion to Stay filed by Bald Hill Subaru seeking a Stay of its dealership termination by Subaru of New England.

At that time, the board decided that it had jurisdiction over this matter and granted a conditional Stay to Bald Hill Subaru without judging anyone or without prejudice and without implying any guilt or liability on any party. The conditional Stay states that Subaru of New England is estopped from terminating the dealership agreement until such time that the Board has an opportunity to hear this case on the merits as well as the possibility of removal and a hearing by a higher court. The Board stated that this was the same Stay as was issued in the Nissan case, which is a conditional Stay and it, would only apply if Subaru of New England attempts termination of Bald Hill's dealership. By fashioning this decision in this manner, the Board feels that none of the party's rights are prejudiced in any manner.

You have ten (10) days from the date of this mailing in which to appeal this decision to the Director of the Department of Administration, One Capitol Hill, Providence, RI 02908. Please notify this office if such an appeal has been taken.

Respectfully,

Charles F. Dolan

Charles F. Dolan, Chief
Dealers' License & Regulations Office

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

[redacted] 07 298S

BALD HILL REALTY CO.
D/B/A BALD HILL SUBARU,

Plaintiff,

v.

SUBARU OF NEW ENGLAND, INC.,

Defendant.

## NOTICE OF PENDENCY OF RELATED PROCEEDINGS

Pursuant to Local Rule 9.1, Defendant, Subaru of New England, Inc. ("SNE"), hereby gives notice that this action involves a claim or cause of action, or transaction or happening which comprise all or a material part of the subject matter of an action or proceeding now pending before this Court. That action is a civil action commenced on June 29, 2007 in this Court by SNE entitled, Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Realty, Civil Action No. 2007-249-S.

#821765v1

Case 1:07-cv-00298-S-DLM Document 2 Filed 08/08/2007 Page 2 of 3

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.

By its attorneys,

Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD, LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(*pro hac* application to be filed)

Kathleen M. Genova
SUBARU OF NEW ENGLAND, INC.
95 Morse Street
Norwood, MA 02062
(781) 255-6395
(*pro hac* application to be filed)

August 8, 2007

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Notice of Pendency of Related Proceedings via regular mail to the attorneys of record, listed below, on this 8th day of August, 2007

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

Jennifer Bourne



#821765v1