UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BALD HILL REALTY CO. D/B/A BALD HILL SUBARU,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF NEW ENGLAND, INC.,<br><br>Defendant. | Civil Action No. 2007-298-S |

**SUBARU OF NEW ENGLAND, INC.'S ANSWER TO AMENDED COMPLAINT**

First Defense

Defendant Subaru of New England, Inc. ("SNE") hereby answers the numbered paragraphs of the Amended Complaint as follows:

1. Admitted.

2. Denied.

3. Denied.

4. SNE admits the allegations in paragraph 4 to the limited extent that it admits that Bald Hill recently, although untimely, did work on its facility to comply with Subaru Signature Facility Standards as agreed in its Subaru Dealer Agreement. SNE otherwise denies the allegations in paragraph 4.

5. SNE lacks sufficient information to admit or deny the allegations in paragraph 5 and, therefore, denies the allegations.

6. Denied.

7. Admitted.

8. SNE states that the allegations in paragraph 8 are vague and ambiguous and thus do not provide SNE with sufficient information to admit or deny the allegations and, therefore, SNE denies the allegations. SNE admits only that during Bald Hill's tenure as an authorized Subaru dealer, it has received one or more awards. Further answering, SNE states that any awards Bald Hill may have received have no relevance to Bald Hill's poor performance and breach of its contractual obligations, which are the bases for SNE's termination of Bald Hill.

9. SNE admits that Bald Hill filed a protest to SNE's appointment of a new dealer at 939 Newport Avenue, Pawtucket. SNE states further that Bald Hill's protest is in writing and denies any allegations contrary to or mischaracterizing it.

10. Denied.

11. SNE admits that in 1999, Bald Hill attempted to bring an action before the Rhode Island Dealer and Hearing Board ("Dealer Board"), which action was improperly brought and which SNE properly removed to the United States District Court for the District of Rhode Island in the civil action entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., Civil Action No. 99-466. SNE further admits that it filed suit in 1999 in the United States District Court for the District of Rhode Island in the civil action entitled, Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, Civil Action No. 99-444. Otherwise, denied.

12. SNE admits that SNE and Bald Hill entered into a settlement agreement and a Subaru Dealer Agreement in 2004. SNE states further that the settlement agreement and Subaru Dealer Agreement are written contracts and SNE denies any allegations contrary to or mischaracterizing them.

13. Denied.

14. SNE admits that Bald Hill has sold some of the Subarus distributed from SNE to Bald Hill during the period April 1, 2004 to the present. Otherwise, denied.

15. Denied.

16. SNE states that the allegations in paragraph 16 are vague and do not provide SNE with sufficient information to admit or deny the allegations and, therefore, SNE denies the allegations.

17. SNE states that the document apparently referred to in the allegations in paragraph 17 was a District #4 newsletter and not, as alleged, an SNE newsletter. SNE denies that the allegations in paragraph 17 accurately describe the contents of the newsletter.

18. SNE admits that on November 14, 2006, SNE sent to Bald Hill a written Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise ("Notice of Sales Performance Deficiencies"). A copy of the Notice of Sales Performance Deficiencies, which sets forth the agreed-upon performance standard and the facts relied upon by SNE in terminating Bald Hill's Subaru Dealer Agreement and franchise, is attached hereto as Exhibit A. The Notice of Sales Performance Deficiencies is in writing and SNE denies any allegations contrary to or mischaracterizing it.

19. SNE states that the Notice of Sales Performance Deficiencies is in writing and denies any allegations contrary to or mischaracterizing it. SNE denies that SNE provided Bald Hill with unreasonable performance criteria.

20. SNE states that the Notice of Sales Performance Deficiencies is in writing and denies any allegations contrary to or mischaracterizing it. SNE denies that the six-month sales objective set forth in the Notice of Sales Performance Deficiencies was unreasonable. Further

answering, SNE states that the twelve-month Presidential Club objective is not the sole criteria for membership in the President's Club and, in any event, is not relevant to Bald Hill's poor sales performance and breach of its contractual obligations, which are the bases for SNE's termination of Bald Hill. Otherwise, denied.

21. SNE denies the allegations as stated and admits only that Bald Hill's sales of new Subaru vehicles has fluctuated over the years, with a high of 466 new Subarus sold in 2000. Further answering, SNE states that Bald Hill has failed to effectively penetrate the market in its area of responsibility and the sales criteria provided to Bald Hill for the period December 1, 2006 through May 31, 2007 were reasonable.

22. Denied.

23. SNE admits that Bald Hill reported 141 sales of new Subaru vehicles during the period December 1, 2006 through May 31, 2007, less than its cure period criteria of 288. Otherwise, denied.

24. SNE admits that on June 6, 2007, SNE sent to Bald Hill a written Notice of Termination. A copy of the Notice of Termination, which sets forth the agreed-upon performance standard and the facts relied upon by SNE in terminating Bald Hill's Subaru Dealer Agreement and franchise, is attached hereto as Exhibit B. The Notice of Termination is in writing and SNE denies any allegations contrary to or mischaracterizing it.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. SNE states that the allegations in paragraph 30 contain a legal conclusion to which no response is required. To the extent a response is required, SNE states that R.I. Gen. Laws § 31-5.1-12 and Chapter XII does not authorize Bald Hill to commence an action before the Dealer Board or anywhere else to enforce the provisions of Chapters 31-5 or 31-5.1 and do not authorize the Dealer Board to adjudicate termination disputes.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## Second Defense

Bald Hill has failed to state a claim upon which relief may be granted.

## Third Defense

Rhode Island Gen. Laws § 31-5.1-4, the basis for Bald Hill's claims, does not apply to SNE.

## Fourth Defense

Bald Hill lacks standing to request the relief it seeks.

## Fifth Defense

Bald Hill's claims are barred by the doctrine of unclean hands.

## Sixth Defense

The Dealer Board lacks jurisdiction over Bald Hill's claims and SNE properly removed the matter to this Court.

## Seventh Defense

The Dealer Board does not have authority to grant Bald Hill the relief it seeks.

Eighth Defense

This action should be dismissed due to the existence of, or consolidated with, the prior pending action in this court in the civil action entitled Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, Civil Action No. 2007-249-S.

Ninth Defense

SNE's actions were lawful and proper, and SNE lawfully and properly has terminated Bald Hill's Subaru Dealer Agreement and franchise effective September 10, 2007.

Prayer

WHEREFORE, defendant SNE hereby respectfully requests that the Court dismiss Bald Hill's claims in their entirety, enter judgment in favor of SNE on all counts, award SNE its attorneys' fees and cots, and grant SNE such other and further relief as the Court deems just and proper.

Respectfully submitted,

SUBARU OF NEW ENGLAND, INC.

By its attorneys,

/s/ Mitchell R. Edwards
Mitchell R. Edwards (Attorney No. 6942)
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
(401) 274-2000
(401) 277-9600 (fax)
medwards@haslaw.com

OF COUNSEL:

Howard M. Cooper
Heidi A. Nadel
TODD & WELD, LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(*pro hac* application to be filed)

August 28, 2007

**CERTIFICATION**

I hereby certify that on August 28, 2007, a copy of the foregoing Subaru of New England, Inc.'s Answer to Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing thorough the Court's CM/ECF system.

Michael J. McEntee, Esq.
915 Tollgate Road
Warwick, RI 02886

/s/ Mitchell R. Edwards
Mitchell R. Edwards



#826007v1