UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BALD HILL REALTY CO. d/b/a<br>BALD HILL SUBARU | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 07-298S |
| SUBARU OF NEW ENGLAND, INC. | : | |
| Respondent. | : | |

**PETITIONER'S MOTION TO REMAND**

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") hereby moves to remand this action to the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board") pursuant to 28 U.S.C. §§ 1441 & 1447, on the grounds that (1) the First Circuit's functional test analysis under Volkswagen de Puerto Rico requires it; (2) the Board is not a "State court" from which an action may be removed under 28 U.S.C. § 1441(a); and (3) this Court should exercise its discretion to abstain from acceptance of jurisdiction of this matter and remand it to the Board.

WHEREFORE, Bald Hill requests that this Court remand the case to the Board for further proceedings thereon, award Bald Hill its reasonable attorney's fees and costs incurred as a result of the removal and the remand, and grant Bald Hill such other and further relief as this Court deems meet and just.

In connection with this Motion, Bald Hill relies upon the accompanying Memorandum of Law and its exhibits.

Bald Hill hereby requests oral argument pursuant to LR Cv 7(e) and requests one-half hour to argue its motion.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee
Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that the foregoing Petitioner's Motion to Remand was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this 4th day of September, 2007:

Mitchell R. Edwards
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
medwards@haslaw.com

And on this same date the following attorneys received service by regular mail:

Heidi A. Nadel
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

/s/ Michael J. McEntee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BALD HILL REALTY CO. d/b/a<br>BALD HILL SUBARU<br><br>Petitioner,<br><br>v.<br><br>SUBARU OF NEW ENGLAND, INC.<br><br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-298S |

**<u>PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND</u>**

Petitioner Bald Hill Realty Co., d/b/a Bald Hill Subaru ("Bald Hill") hereby moves to remand this action to the Rhode Island Motor Vehicle Dealers License and Hearing Board (the "Board") pursuant to 28 U.S.C. §§ 1441 & 1447, on the grounds that (1) the First Circuit's functional test analysis under <u>Volkswagen de Puerto Rico</u> requires it; (2) the Board is not a "State court" from which an action may be removed under 28 U.S.C. § 1441(a); and (3) this Court should exercise its discretion to abstain from acceptance of jurisdiction of this matter and remand it to the Board.

## ***FACTUAL BACKGROUND***

SNE is the New England manufacturer/distributor of Subaru products, including new motor vehicles. Bald Hill does business in Warwick, Rhode Island as a franchise and dealer of Subaru motor vehicles. Bald Hill is SNE's franchisee.

On November 14, 2006, SNE sent Bald Hill a letter entitled: Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement and Intention to Terminate Subaru Dealer Agreement and Franchise, as SNE was required to do under R.I. Gen. Laws § 31-5.1-4 (d)(2)(i)

& (ii), which legally restricts the ability of a franchisor to terminate a motor vehicle franchise. In said letter, SNE enumerated various performance criteria that SNE stated Bald Hill was required to achieve by May 31, 2007; otherwise, SNE would send Bald Hill a termination letter terminating Bald Hill's franchise with SNE. The applicable statute requires that the performance criteria must be reasonable (see R.I. Gen. Laws § 31-5.1-4 (d)(2)(i) & (ii) but the performance criteria were unreasonable for several reasons, including the fact that the six-month sales objective (288 new Subarus) was nearly equal to the twelve-month objective for membership into SNE's 2007 Presidential Club (317 new Subaru sales). SNE knew from its own sales figures that Bald Hill's highest sales were 467 new Subaru sales in a single year, half of which is 234. Over the six-month period between December 1, 2006 and May 31, 2007, new Subaru sales by the fourteen dealerships within Bald Hill's district ranged from 57 to 274, with an average of 140; neither Bald Hill nor any other dealer in the district achieved 288 new sales. Bald Hill's actual reported sales for that period were 141, just above the district-wide average for sales over that same period. Not surprisingly, Bald Hill was unable to meet the benchmarks in SNE's notice as they were patently unreasonable in light of the prevailing economic conditions.

SNE violated the notice requirements of R.I. Gen. Laws § 31-5.1-4 (d)(2)(i) & (ii) in that the performance criteria and related mandates set by SNE for Bald Hill were unreasonable. As a result, SNE has failed to provide good cause for the termination in violation of R.I. Gen. Laws § 31-5.1-4 (d) and further SNE's action in its termination letter was arbitrary, in bad faith and unconscionable.

By letter dated June 6, 2007, SNE issued Bald Hill a letter of termination with an effective date of September 10, 2007. Bald Hill contends that this termination letter violated various requirements and obligations under the Rhode Island's "Regulations of Business

Practices Among Motor Vehicle Manufacturer's Distributors and Dealers," R.I. Gen. Laws § 31-5.1-1 *et seq.* (the "Statute")

After receiving the termination letter, Bald Hill engaged in significant efforts to resolve the issues between the parties. In order to accommodate vacation schedules, a settlement meeting was scheduled for July 10, 2007. Nevertheless, by letter dated June 29, 2007, counsel for SNE notified Bald Hill that a complaint for declaratory judgment had been filed by SNE against Bald Hill with this Court, but not served. See Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, C.A. No. 075-249-S. The settlement meeting went forward on July 10, 2007 and on July 12th the parties met again, this time without their lawyers present. Then they had a meeting via telephone conference at which they scheduled an in-person meeting for July 20th. After the July 20th settlement meeting was scheduled, and without warning, SNE served Bald Hill with the Declaratory Judgment Complaint, on July 19, 2007.

## *PROCEDURAL HISTORY*

On August 3, 2007, Bald Hill filed its own Complaint with the Board seeking, inter alia, a determination that SNE's actions violated the Statute, specifically R.I. Gen. Laws § 31-5.1-4 (d) pertaining to improper and wrongful termination of the franchise, and revocation of SNE's license. On August 8, 2007, Bald Hill filed an Amended Complaint pleading additional facts. On August 8, 2007, SNE filed its Notice of Removal.

In proceedings before this Court between these parties in 1999, in the civil action entitled Bald Hill Realty Co. d/b/a Bald Hill Subaru v. Subaru of New England, Inc., C.A. No. 99-444 (action removed by SNE from the Board) and the related action, Subaru of New England, Inc. v. Bald Hill Realty Co. d/b/a Bald Hill Subaru, C.A. No. 99-466 (action filed by SNE in this Court), this Court, Torres, J., presiding, (1) found that based upon the facts of that case the Board

qualified as a "State court" within the meaning of 28 U.S.C. § 1441(a) and for purposes of that action, therefore, that Bald Hill's 1999 Complaint was properly removed from the Board; and (2) denied Bald Hill's motion to dismiss SNE's action on abstention grounds as moot. The Complaint in that action, unlike the Complaint and Amended Complaint in this action, primarily alleged breach of contract, rather than statutory violations, as the basis for the Complaint. The Complaint and Amended Complaint in this matter are grounded upon the Statute, of which the Board is the enforcer. The legal grounds for the complaint and the requested relief distinguish the instant case from the 1999 case.

Also, in 1998, in a case similar to this one but involving a Nissan dealer, this Court, Lovegreen, M.J., presiding, issued a Report and Recommendation in favor of remand to the Board. See Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., C.A. No. 97-701L, Report and Recommendation of Robert W. Lovegreen, Mar. 17, 1998, a copy of which is attached hereto as Exhibit A. The report and recommendation of Magistrate Lovegreen was that the Board was not functioning as a "State court" for removal purposes, and recommended as Bald Hill argues herein, that this type of case should be remanded.

## *STANDARD OF REVIEW*

The removal statute provides as follows:

> Section 1441. Actions Removable Generally. (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a).

With regard to remand the statute provides as follows:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

When a defendant seeks to remove a case to federal court, the defendant ordinarily has the burden of establishing federal jurisdiction. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 2d 144 (1921); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-366 (5th Cir. 1995). Similarly, a defendant who has removed a case ordinarily has the burden of proving the grounds necessary to support removal when the plaintiff attempts to remand the case. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In general, when ruling on a motion to remand, the court looks to the plaintiff's complaint, as it is stated at the time of removal (in this case the Amended Complaint), and the defendant's notice of removal. See Miller v. Grgurich, 763 F.2d 372 (9th Cir. 1985). In addition, district courts may consider jurisdictional facts contained in subsequently filed affidavits as amendments to the removal notice under 28 U.S.C. § 1653, provided that they clarify or correct technical deficiencies in the allegations stated in the original notice. See Willingham v. Morgan, 395 U.S. 402, 408 n.3, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969) (upholding removal when requisite jurisdictional facts were found in subsequently filed affidavits rather than in removal notice).

Whenever it appears, at any time before final judgment, that the federal district court lacks subject matter jurisdiction, the court must remand the case. See 28 U.S.C. § 1447(c); Mills

v. Harmon Law Offices, P.C., 344 F.3d 42, 45-46 (1st Cir. 2003) (federal court must remand when subject matter jurisdiction appears to be lacking in removed case; court has no authority to dismiss); see also Maine Ass'n of Interdependent Neighborhoods v. Comm'r Maine, Dept. of Human Servs., 876 F.2d 1051, 1054-1055 (1st Cir. 1989) (absent jurisdiction at time of removal, remand mandatory).

## *LEGAL ARGUMENT*

This action should be remanded to the Board because: (1) the First Circuit's analysis under Volkswagen de Puerto Rico requires it; (2) the Ninth Circuit has held, persuasively, that an administrative tribunal is not a "State court" from which a proceeding may be removed under the plain meaning of the statute; and (3) that this Court should exercise its discretion to abstain from acceptance of jurisdiction of this matter.

### 1. The Volkswagen de Puerto Rico "functional test" analysis requires remand.

The First Circuit has employed a "functional test" for removal and remand proceedings, which requires remand in this case. See Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38 (1st Cir. 1972). The First Circuit noted that the functional test inquires as to:

(1) the board's procedures and enforcement powers in the action;

(2) the locus of traditional jurisdiction over the type of action;

(3) the respective state and federal interests in the subject matter and in the provision of the forum.

Id., at 44.

With regard to the first factor, i.e., the Board's procedures and enforcement powers, although the adjudicative format available before the Board may suggest that the Board is acting

in a judicial function, Bald Hill has evoked the Board's powers to issue rules and regulations governing SNE's licensing, distinguishing this case from the Volkswagen de Puerto Rico case. In Volkswagen the Labor Board did not have rule-making power over the type of claim asserted by the plaintiff, and the court viewed this fact as further evidence that the Labor Board was not acting in an administrative capacity but like a court. Id. at 44. In the instant case, the Board does have the power to issue rules and regulations governing the licensing of car dealerships, and has been requested to do so. See R.I. Gen. Laws §§ 31-5-2, 31-5.1-3. Thus, in this case, there is less indication that the Board is acting in a judicial capacity.

With regard to the second factor, i.e., the locus of traditional jurisdiction over the type of action, the Volkswagen court stated that "ordinarily courts have adjudicated breaches of contract"; however, this action does not sound in contract. See Volkswagen de Puerto Rico, 454 F.2d at 44. The dispute between these parties is an enforcement action pursuant to the Statute and it also involves the fitness of SNE to retain its licensing. The Complaint and the Amended Complaint in this matter do not evoke contract law; they evoke the Statute, SNE's violations of the statute, and the Board's enforcement powers. Enforcement of the Statute is the purpose for which the Board was created, and license suspension and revocation proceedings are not typically adjudicated courts; rather by agencies, in this case the Board. See R.I. Gen. Laws §§ 31-5-2, 31-5.1-3. Remand would allow the proper forum, the Board, to determine if SNE's termination has violated the Statute, and to conduct licensing hearings on SNE's license to do business in Rhode Island.

With regard to the third factor, i.e., the respective state and federal interests in the subject matter and in the provision of the forum, the present case departs from Volkswagen de Puerto Rico in that only state interests are at stake. The Volkswagen case involved an alleged unfair

labor practice and breach of a collective bargaining agreement and a claim brought pursuant to the National Labor Relations Act. The Volkswagen court noted that several recent cases had diminished states' interests in labor law cases by requiring the states to apply federal substantive law. Id. at 44. The court also noted that remanding the case would unduly burden the interest in a federal forum without substantial benefit to the state. Id. at 45. Recognizing the primacy of federal law in the area of labor relations and a strong federal interest in uniform substantive labor law, the court approved the removal of the unfair labor practice action that had been filed with the Labor Board. Id.

The present dispute between Bald Hill and SNE involves a statutory enforcement action that is governed by state substantive law. There is no federal substantive law governing franchise disputes between automobile manufacturers, distributors and dealers, and so there is no strong federal interest in the subject matter of this case. Furthermore, there is no strong federal interest in having this type of dispute heard in a federal forum. By contrast, the state has demonstrated an interest in governing the business relations of automobile manufacturers, distributors and dealers by enacting laws specifically governing them, and by establishing the Board as a forum for their disputes. See R.I. Gen. Laws §§ 31-5-1 et seq., 31-5.1-1 et seq. Thus, in the present case, there is no strong interest in having the dispute resolved in a federal forum.

The Volkswagen court warned that the removal of an agency action should be permitted only after careful consideration of these three factors and should not be undertaken cavalierly. Id. at 44. In the present case, a strong state interest exists, no federal interest is discernable, and the Board has fewer judicial characteristics than the agency did in Volkswagen. Therefore the present case is not removable under the functional test set forth in Volkswagen and should be remanded to the Board.

This Court, Lovegreen, J., presiding, engaged in the foregoing analysis and reached the same conclusion in a 1997 removal action. See Nissan of Smithfield, Inc. v. Nissan Motor Corp. in U.S.A., C.A. No. 97-701L, Report and Recommendation of Robert W. Lovegreen, Mar. 17, 1998 (case settled prior to a ruling on Magistrate Lovegreen's report) attached hereto as Exhibit A.

The propriety of remand is supported by the opinions of other federal courts regarding removal of agency actions. In Floeter v. C.W. Transport Inc., although the Seventh Circuit allowed removal of an action in which federal substantive law applied under the "functional test", the court noted that a different result might be obtained in cases involving different federal and state interests. See Floeter v. C.W. Transport Inc., 597 F. 2d 1100, 1102 (7th Cir. 1979). The Third Circuit denied removal of an action involving the termination of an automobile dealer's franchise agreement, distinguishing Volkswagen and Floeter by noting that in each case the agencies had been acknowledged by their respective state supreme courts as "having judicial powers," while that the Pennsylvania agency, like the Board in the present case, had not been so acknowledged. See Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F. 3d 1259, 1266-67 (3rd Cir. 1994). The court also noted that the agencies in Volkswagen and Floeter had more judicial powers than the Pennsylvania agency. Id. at 1267. As noted by Magistrate Lovegreen in his report and recommendation, the Sun Buick and the present case are similar in that the Rhode Island Supreme Court has not recognized the Board as "having judicial powers," which bolsters the conclusion that removal of the action should not be permitted.

Due to an apparent shift in the law and policy applicable to removal in recent years, this Court has reason to reconsider the "functional test" and its application to this case. Since the time of the 1999 proceedings between these parties, the Seventh Circuit Court of Appeals has

applied the "functional test" to deny removal and grant remand, see Wirtz Corp. v. United Distillers & Vintners N.A., Inc., 224 F.3d 708 (7th Cir. 2000), and the Ninth Circuit has rejected the "functional test" outright. See Oregon Bd. of Labor and Industries ex rel. Darryl Richardson v. U.S. West Communications, Inc., 288 F.3d 414 (9th Cir. 2002) (discussed infra.).

As set forth by the Seventh Circuit Court of Appeals in Wirtz:

> It can be argued, contrary to the district court's finding, considering the extraordinary powers bestowed on the ILCC [administrative agency], that it cannot be considered a court for removal purposes. Since the legislature bestowed on the ILCC, an executive branch agency, power which no regular court possesses, it cannot be a court. The ILCC, in spite of its other broad powers, however, cannot, for instance, conduct a jury proceeding which would otherwise be available in a state court for this contract dispute. That a specialized state regulatory commission can issue certain business licenses and then for good statutory causes take back what it has issued, does not transform the ILCC into a court for removal purposes, nor are the federal provisions for diversity jurisdiction enough for that purpose. The ILCC was created sixty-five years ago by the Illinois legislature providing for its members to be appointed by the governor. These members need not be lawyers and are not required to serve full time.

Wirtz, 224 F.3d at 712-713. On the basis of the ILCC's characteristics the Wirtz court remanded the matter from federal court to the ILCC.

The Board from which this action was removed is, like the ILCC, an executive branch agency, being subject to oversight by the Department of Administration, bestowed with the power to suspend or revoke SNE's licensing. See R.I. Gen. Laws §§ 31-5-2; 31-5-2.1. Its members are appointed and they need not be lawyers; they do not serve full time and they are not compensated for their hours. See R.I. Gen. Laws § 31-5-2.1. As noted in Wirtz, the policies set forth in the 1995 The Long Range Plan for the Federal Courts encourage remand, and the Wirtz court took some guidance therefrom: "Congress should be encouraged to seek reduction in the number of federal court proceedings in which jurisdiction is based on diversity of citizenship…." Wirtz, 224 F.3d at 713 n.3, citing Judicial Conference of the United States, The Long Range Plan

for the Federal Courts, 29-30 (1995). On the basis of the foregoing analysis, the Wirtz court remanded the case to the ILCC; and this Court should similarly remand this case to the Board.

**2. The Ninth Circuit persuasively argues for remand of all agency proceedings.**

The Ninth Circuit has rejected the functional test outright and has held that removal applies only to courts; not to administrative agencies. See Oregon Bd. of Labor and Industries ex rel. Darryl Richardson v. U.S. West Communications, Inc., 288 F.3d 414 (9th Cir. 2002). Based upon the plain meaning of the removal statute, which should be strictly construed, this Court should find that the Board is not a "State court"; rather it is a state agency, and its proceedings cannot be removed to this Court. On this basis the matter should be remanded to the Board.

**3. This Court should abstain from exercising jurisdiction.**

Bald Hill has argued, supra., that this Court lacks jurisdiction over this case under the removal statute; but in the alternative, if this Court should find that it has jurisdiction, then Bald Hill argues in favor of abstention. Abstention refers to several judicially created doctrines under which a federal court may decline to exercise, or defer the exercise of, its jurisdiction over a case that is being or could be litigated in state court. Although federal courts have a strict duty to exercise jurisdiction that is conferred on them by Congress, the rule is not absolute, and federal courts may decline to exercise their jurisdiction in exceptional circumstances, such as when denying the federal forum would clearly serve an important countervailing interest. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (abstention is extraordinary and narrow exception to federal court's duty to adjudicate controversy properly before court). Thus, abstention is applicable only

in limited special circumstances. See Zwickler v. Koota, 389 U.S. 241, 248, 88 S. Ct. 391, 19 L. Ed. 2d 444 (1967).

Abstention is proper in cases that would interfere with state proceedings involving important state interests when adequate relief is available in state proceedings. See Younger v. Harris, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 n.12, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (Younger abstention applies in civil cases). In this matter, the interests at stake are important to the state: the outcome of this proceeding will impact on the consumer market for automobiles and the climate among automobile dealers, distributors and manufacturers in Rhode Island. Due to the impact of these franchise disputes on the state, the General Assembly has fashioned an appropriate state forum for their resolution: the Board. For this reason Younger abstention applies to this matter and this Court should remand the case to the Board.

Abstention is also proper in cases raising issues of unsettled state law, if the issues are intimately involved with the state's sovereignty or if adjudication by the federal court would disrupt the state's efforts to establish a coherent administrative policy, or that involve or interfere with important state regulatory efforts. See Louisiana Power & Light Co. v. City of Thibodeaux, 360 U.S. 25, 28, 31, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959) (Thibodeaux abstention on difficult questions of unsettled state law bearing on policy problems on substantial public import whose importance transcends case); Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L. Ed. 1424 (1943) (Burford abstention on questions of unsettled state law when deferral adjudication would disrupt stats' effort to establish a coherent administrative policy on matter of substantial public concern); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814-815, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (Thibodaux and Burford abstentions as

variations of same abstention theme); see also Kaiser Steel Corp., v. W.S. Ranch Co., 391 U.S. 593, 593-594, 88 S.Ct. 1753, 20 L.Ed. 2d 835 (1938) (federal court erred in not relying on Thibodaux abstention to refuse interpreting state constitutional provision limiting eminent domain); New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361-363, 109 S. Ct. 2506, 105 L.Ed. 2d 298 (1989) (emphasizing narrow grounds in which Burford abstention can justify federal courts sitting in equity dismissing federal action.) As discussed with regard to Younger abstention, it would impinge upon the state Board's meaningful regulatory authority for this Court to adjudicate this matter. This case involves the question of whether SNE should retain its license to do business within Rhode Island in light of its unreasonable attempt to terminate a long-standing and successful car dealership without a good reason. The substantial public import of the resolution of this question requires that this Court exercise Thibodeaux abstention and remand the case.

Alternatively, to the extent that SNE has sought other relief from this Court, the traditional doctrine upon which abstention may be predicated in the instant case is Colorado River abstention as formulated by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-20, 96 S.Ct. 1236 (1976). Courts have considered the following factors in determining the applicability of abstention under Colorado River: (1) whether either court has assumed jurisdiction over a res; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) the adequacy of the state forum to protect the parties' interests; (6) the vexatious or contrived nature of the federal claim; and (7) respect for the principles underlying removal jurisdiction. See Rio Grande Community Health Center, Inc. v. Rullan, 397 F. 3d 56 (1st Cir. 2005)(citations omitted.) Colorado River has special appeal where a state court

decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones." Currie v. Group Insurance Commission, 290 F. 3d 1 (1st Cir. 2002).

With regard to the foregoing factors, the Board had assumed jurisdiction over this matter by accepting the filing of the Complaint and the Amended Complaint, as well as SNE's filings, prior to removal. Neither the Board nor this Court is a geographically inconvenient forum. Bald Hill desires that all matters, including the enforcement of the Statute, and including the propriety of the termination and of SNE's continued licensing, be resolved by the Board pursuant to its authority, thereby avoiding piecemeal litigation. Bald Hill submits that SNE filed its related declaratory judgment action in an attempt to frustrate the Board's jurisdiction and Bald Hill's ability to obtain relief before the Board. Bald Hill submits that, when SNE filed and served its federal court action first, while simultaneously engaging in settlement negotiations with Bald Hill, it did so in order to gain improper advantage. While SNE may not wish for the Board's review of this matter, the Board is certainly capable of resolving the entire controversy with respect for both parties' interests. There is no strong federal interest in this matter; but important issues of state law and policy do predominate. The state has demonstrated its concern for the regulation of automotive franchises within the state by enacting the Statute and creating the Board as its enforcer. The factors set forth in Colorado River, applied to the facts and circumstances, indicate that this case should be remanded out of respect for the state interests involved, without harm or prejudice to any party. For all of these reasons, Bald Hill requests that this Court remand this case to the Board.

WHEREFORE, Bald Hill requests that this Court remand the case to the Board for further proceedings thereon, award Bald Hill its reasonable attorney's fees and costs incurred as a result of the removal and the remand, and grant Bald Hill such other and further relief as this Court deems meet and just.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

/s/ Michael J. McEntee
Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that the foregoing Petitioner's Memorandum of Law in Support of Motion to Remand was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this 4th day of September, 2007:

Mitchell R. Edwards
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903-2393
medwards@haslaw.com

Heidi A. Nadel
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

/s/ Michael J. McEntee

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NISSAN OF SMITHFIELD, INC. :
Plaintiff, :

v. C.A. No. 97-701L

NISSAN MOTOR
CORPORATION IN U.S.A.
Defendants.

REPORT AND RECOMMENDATION

Robert W. Lovegreen, United States Magistrate Judge.

Plaintiff, Nissan of Smithfield ("Dealer"), is a licensed dealer of automobiles manufactured by the Defendant, Nissan Motor Corporation in USA ("Manufacturer"), pursuant to a franchise agreement. In 1997, Manufacturer threatened to terminate the franchise agreement alleging that Dealer had falsified sales records. Dealer filed a complaint with the Rhode Island Motor Vehicle Dealers' License and Hearing Board ("the Board") to prevent Manufacturer from terminating the franchise. Manufacturer challenged the Board's jurisdiction and when the Board determined that it had jurisdiction over the dispute, Manufacturer filed suit in federal court seeking to enjoin the Board from exercising jurisdiction over the suit. Nissan Motor Corp. v. Nissan of Smithfield, Inc., No. 97-676L (D.R.I. filed Nov. 26, 1997). When Dealer filed an amended complaint with the Board, Manufacturer again challenged the Board's jurisdiction. A hearing was held, and the Board determined, again, that it could properly exercise jurisdiction over the dispute. Manufacturer then removed the instant case from the Board to this court. Presently before the court are Dealer's motion to remand and Manufacturer's objection to it.

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636 (b) (1) (B).

A hearing was held on February 19, the":' counsel, examining memoranda and ex.~ibits submitted, and conducting independent to research, I recommend that the motion remand be granted.

Facts.

At all relevant tlmes, Dealer was a:1 authorlzed dealer or Nissan automobiles and related products and se~ices pursuant to a ,Dealer- Sales & Service Agreement ("the Agreement") . ' : On October 6,: 1997, Manufacturer notified Dealer that it intended to, terminate,. the Agreement on Janua:l:YS, 1998, beca~se Dealer had allegedly falsified its sales records.

On October 30, 1997, Dealer filed a complaint' with the Boar-d requesting that a hearing be scheduled to require Manufacturer to sh?w cause for the threatened termination. On November 10, 1997, Manufacturer sent a letter to the Board asserting that the Board did not have jurisdiction to hear the termination dispute and request,ing the Board to dismiss the c~mplaint. on, November. 18, 1997, tne Board sent a letter to Manuracturer statlng that lts initial position was that it had ju:-isidiction over the su.it. 0::. the same day, another letter from tne Board to Manufacturer stated that a show cause hearing was scheduled for Decernber 4, 1997"

On November- 26, 1997, Manufacturer filed an action' in this court seeking declaratory and inju:1ctive relief to prevent tr..e Board from exerclslng JurlS lctJ.on over ea_er s comELalnt. On the same dav, Dealer filed an amended comDlaint with the Boa:: -d stating the- same claims but containing an- additional prayer for relief, speci f ically, a request for the Board to consider revoking or su.spending Manufacturer's license to' operate in Rhoc Island. -'On December 4, 1997" the Board held a hearing on solely the ,issue of· the Board's jurisdiction., The Board concluded tha:: it had jurisdiction over the amended comp.laint on December 9, 1997, and informed Manufacturer tl1at a hearing on the license suspension or revocation was scheduled for December 16, 1997. M~nufactur~r filed :n appeal of the Board' ~ ~urisd~ctional owe: Wl th the Dlrector or the Department of Admlnlstratlon of the State of Rhode Island on December 11, 1997. That appeal hi3.s nc to,tz.is court's knowledge, been decided ..

On December 15, 1997, Dealer filed 2.J1otion to .Stay Termination requesting the Board to enjoin Manufacturer; from~,: -.:::, '!=:E7rminating the Agreement. On the same' day, the Board notifiec

Manufacturer that it would nO~:'h~-~-;',,~~';;~j~~~'~~f~~~_,

1997, because the determination of jurisdiction~·was'ro'ri·'-··~I?pe·.ai::~,1;'~~{~

The Board noted" however, that. it would consider. issuing .the Stayii:; of Termination. Manufacturer obj ected because it had not ,lladan":?i< opportunity to respond to DealeJ;' s motion. to stay andl::>ecause it, had not received adequate- notic~.o~ the hearir:~<'?n' the'.moti~n to stay. Nevertheless, the Board J.ndJ.cated that ~t ._wo~ld consJ.der issuing a stay.

The next· morning, December, 16, 1997, Manufac~urer removed the case from the Board to this court based on diversity of citizenship. At the Board hearing scheduled that morning,: Manufacturer' presente~ a copy of the .. Notice of _ R~mov:al, to' the: Board. The Board decJ.ded to take no further actlon' on Dealer's complaint, but recognizin~ the possibi~i~y of remand from the federal court, the Board lssued a condltlonal stay of the' termination "to remain in effect until 'this cas~ is eventually resolved." On December 18, 1997, Dealer filed a motion to remand the suit to the Board,and Manufacturer objected to it,' This motion to remand and objection are presently before the court.[1]

Discussion.

Dealer argues that its motion to remand should be granted because the matter before the Board is not a \\civil"action~ brought in a state court" and is, therefore, not removable. Dealer also argues that if the action was removable, a remand is appropriate because Manufacturer's removal was not timely. Manufactu~er responds that a suit may be removed from an administrative agency and that its removal was timely. Manufacturer also argues that, in any event, this court should not remand the action to the Board but should dismiss it because the Board does not have jurisdiction over termination.~isputes.

Each of these issues is addressed in turn below."

[1] Dealer's Motion to Dismiss or Stay the Proceedings in Manufacturer's declaratory judgment action (C .A~- .No.. 97-6,76) had also been referred to' this court. The parties agreed' at';'the hearing, however, that that motion was moot so this court shall not address it.

I. Proorletv of Removal

The removal statute states:

> Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. 1441 (a) (emphasis 'added). The language of the statute seems to allow only cases that were filed in a state court to be removed, but some federal courts have allowed removal of actions pending before administrative agencies. See, ~, Sun Buick, Inc. v. SaabCarsUSA, Inc., 26F.3d1259 (3rdCir. 1994); Floeter v. C.W. Transo~rt, Inc., 597 F.2d 1~00 (7th Cir. 1~79) Volkswaaen de Puerto R1CO. Inc. v. Puerto R1CO Labor Relatlons Bd., 54 F.2d 38 (1st Cir. 1972).

The first case which allowed removal of an action pending before an agency was Tool & Die Makers v. General Electric Co, XRav Deot., 170 F.Supp. 945 (E.D. Wisc. 1959). The Tool & Die court relied on a Supreme Court case in which removal from a state court had been denied because the state court was not acting in a judicial capacity. Id. at 950 citing Uoshur Count v v. Rich, 135 U.S. 467 (1890). The Tool & Die court reasoned that the Supreme Court had adopted a "functional test" to determine whether an entity was a state court from which an action could be removed. rd. Under the functional test, a court considers the procedures and functions of the entity, rather than just looking at whether it is designated a "court" or not. rd. In Tool & Die the court allowed the removal of an action originally brought before the Wisconsin Employment Relations Board because it found that the agency had judicial character. rd.

Since the Tool & Die case, other courts have applied the functional test to determine whether an action brought before an administrative agency is removable. The First Circuit commented on the functional test in dicta in Volkswaqen de Puerto Rico, rnc. v. Puerto Rico Labor Relations Bd., 54 F.2d,38 (1st Cir. 1972). In Volkswaaen, the First Circuit criticized the "unquestioning acceptance" of the label given to an entity and approved of the functional test. The court noted that the functional test inquires as to (1) the board's procedures and enforcement powers in the action, (2) the locus of traditional jurisdiction over the type of action, and (3) the respective state and federal interests in the subject matter and in the

provision of. the forum: rd .. a~' ~4': ,The court' a~so··.'note·d"·.'.~hat~:· ;:'" these factors are examlned In llght of the partlcular:' actlon, rather than in light ~f the full: breadth of. a bo~rd' s powers. Id.

In the present dlspute, the Board has exerclsed powers and ' procedures similar to those exercised by the Labor Board in Volkswaoen. The Board acted upon one party's charge and directed the other party to respond as did th~ Labor Board in. Volksw~aen. Id. at 44. Also, both the present dlspute and the dlspute In Volkswagen involve the breach of an agreement between the' parties and are subject to resolution in an adjudicative format . .liL... The Volkswagen court found that these circumstances sugge'sted that the Labor Board was a court. Id. Similarly, these same circumstances suggest that the Board in the present case is acting in a judicial function.

In Volkswaoen t~e Labor Board did not. ha:e rule-making power over the type of clalm asserted by the plalntlff. The court viewed this fact as further evidence that the Labor Board was not acting in an administrative capacity but like a court. Id. In the instant case, however, the Board does have the power to issue rules and regulations governing the licensing of car dealerships. R .. G.L. §§ 31-5-2, 31-5.1-3. T us, in t is case, t ere is ess indication that the Board is acting in a judicial capacity.

The Volkswaoen court then discussed the second factor, the l?cUS of traditional jurisdiction over the type of action; and stated that "ordinarily courts . have adjudicated breaches of contract." 454 F. 2d at 44. The same could be sa~d in this case because the dispute between Dealer and Manufacturer involves a breach of contract.

. The t~ird factor, the , respective. s~ate and federal :Lr:terests ~n the sub] ect matter and In the prov~slor: of t~e ~o~um, lS where the present case departs from Volkswaaen In a s~gn~f~cant' way . The Volkswaaen case ,involved. ar: alleged unfair labor J?ractice and breach of a' collect~ve bargalnlng ag~eement and acla~mbrought pursuant to the Nat~onal Labor Relat~ons Act.' The Volkswaaen <?ourt noted that several recent cases had diminished states' interests in lab~r law cases by requiring the states to apply federal substant~ve law. Id.at41. The court also noted that remanding the case would unduly burden the interest in' a federal forum ~i~hout subs?antial benefit to th~ state. Id. at, 45.

Recognl zlng the prlmacy of federal law In the area of labor relations and a strong federal interest ~n uniform substantive a or law, the court approved the removal of theunfalr labor practice action that had been filed with the Labor Board. rd.

The p:esent dispute. betwe~n D~aler and Manufac.tur7:r:: -~~~·~;ny~lY~~:~::~:.r a breach or contract act~on wh~ch ~s governed by state :- substantive law. Because there is no federal substantive law governing f~anchise disputes between automobile. manufacturers and dealers, th~s court cannot conclude that there ~s a strong federal interest in the subj ect matter of this case.

Furthermore, there is no federal interest in having this type of dispute heard in a federal forum. On the other hand , the state has demonstrated an interest in governing the business relations of automobile manufacturers and dealers by enacting laws specifically governin~ th~ml and by esta~lishing the Board as a forum for many of the~r d~sputes.· In th~s case, the defendant 's interest in a federal forum is protected because Manufacturer has filed in this court , a separate suit based on this dispute. Nissan Mo~or CorD. v. Nissan of Smith~ield. Inc', No. 97-676L (D.R.I. flIed Nov. 26, 1997). Thus, In the present case, there is no strong interest in having the dispute resolved in a federal forum.

The Volkswaaen court warned that the removal of an agency action should be permitted only after careful consideration of these three factors and should not be undert~ken caval i~rly. Id. at 44. In the present case, a strong state lnterest eXlsts, no federal i~te~est is ~iscernabl~,and the Board has fewer judicial characterlstlcs. ThlS court flnds , therefore, that the present .:ase lS not removable under the functlonal t-::st cet out in Volkswaaen.

...nis conclusion is further supported by other cases involving removal of a:-enc$^{y}$ action~. ~or example , in Floe~er v. C. W. Transoort Inc. , tne Seventh Clrcult allowed removal of an action in which federal substantive 'law apolied, but noted that a different resul t m~ght be' obtained in cases involving d~fferent federal and state ~nterests. 597 F.2d 1100, 1102 (7th C~r. 1979) Also, a recent Third Circuit case denied removal "of an action involving the ter~ination of an automobile dealer's franchise agreement. Sun BUlCk, Inc. v. Saab Cars USA, Inc', 26 F.3d 1259 "(3rd Cir. '1994). ,~he Sun B~ick court distinguish~d Volkswaqen and Floeter by not~ng that ~n each case the agenc~es had been ~c~o~ledged by their respective state supr~me courts a~ "having Jud~c~~l powers ,,, while that the Pennsylvan~a agency , l~ke the Board ~n the present case, had not been so ac~ow~edged. rd. at 1266-67. ,The court a~so. n~ted that the ~gencles.ln Volk~wagen and Floeter had more J ud~c~al powers than the pennsyl van~a agency. Id. at 1267. The obvious similarities between Sun Buick

and'. the present case bols~er the:':s:o.r;.~~ly,s .. ~~:n

thc:;t1~.0W~0.~}{;~~~:~I~,~t.~:~~~}_

"'. act~on should not be perm~ t ted' . , .;." ' , .. :. ~"}".::"~

## II. Timeliness of Removal

Because this court finds that the action is not removable from the Board, the issue of the timeliness of the removal is moot. The only remaining issue is whether this court should, remand the action to the Board or find that the Board does.not have jurisdiction over the action and dismiss it.

## III. Remand or Dismissal/Jurisdiction of the Board

Manufacturer has asserted that if the removal of the action was improper, the action should not be remanded to the Board, but should be instead dismissed because the Board lacks 'jurisdiction over the franchise termination disputes. Since Dealer first filed the complaint with the Board, Manufacturer has consistently asserted that the Board does not have jurisdiction over the dispute. At Manufacturer's urging, the Board considered the question of its jurisdiction twice, held a hearing on the issue, and received oral and written arguments from the parties. After the Board determined that it had jurisdictio~~ Manufacturer again challenged the Board's jurisdiction by appealing the Board's decision. This appeal is currently pending before the Director of the Department of Administration of the State of ~~ode Island.[2]

The Board's jurisdiction over this dispute is entirely an issue of state law. The state statutes provide an avenue for Manufacturer to appeal an unfavorable Board decision. The state, therefore, provides adequate review of the administrative agency's determination. This court believes that the state is better equipped to review this issue, and in order to avoid needless conflict with state affairs, this court should decline to consider the Board's jurisdiction in the context of this motion to remand. Burford v. Sun Oil Co., 319 U.S. 315 (1943) Upon remand of this action to the Board, the issue of jurisdiction will be governed by the determination of the Director of Administration and any subsequent appeals taken from the Director's decision.

2 Manufacturer also challenged the Board's jurisdiction in the declaratory judgment action (No. 97-676) filed in this court.

.rt concludes: that:rthe';~a:ction:: at"':n'andcan':,';'not

J?roperly ~e removed ~rom'the"BC;ard:~nd that it;~OU:~·;d"~be'·.: 1nappropr1ate for th1s court to reV1ew the Board's~1nd1ng of jurisdiction while an appeal of that issue was pending. Therefore, I recommend that. Dealer's motion to remand be granted

Any obj ection to this Report and Recommendation must be specific and 'must be filed with the Clerk of Court within ten (10)dayi'of'its receipt. Fed. R. Civ. P.72(b); Local Rule of Cou[illegible] Failure to .. file specific objections in a. timely manner consti[illegible] waiver of the right to review by the district court and the: righ[illegible] appeal the district court's deci~ion. United States v. Valencia-Co[illegible] 792 F.2d 4 (1st Cir. 1986); Park Motor Ma~t, Inc. v. Ford Motor C[illegible] 616 F.2d 603 (1st Cir. 1980)

Robert W. Lovegreen
United States Magistrate Judge
Marchi! 1998