# EXHIBIT
# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
* * * * * * * * * * * * * * CIVIL ACTION
SUBARU of NEW ENGLAND      * NO. 99-444
               Plaintiff   *     99-466
                           *
VS.                        * TUESDAY,
                           *   JANUARY 4, 2000
BALD HILL REALTY          *
               Defendant   *
* * * * * * * * * * * * * * Providence, RI
```

HEARD BEFORE THE HONORABLE ERNEST C. TORRES
CHIEF JUDGE
(MOTIONS)

A-P-P-E-A-R-A-N-C-E:

For the Plaintiffs: Kathleen M. Genova, Esquire
and
William E. O'Gara, Esquire

For the Defendant: Michael J. McEntee, Esquire

Court Reporter: Judith L. Montie
267 John O. Pastore Bldg.
Two Exchange Terrace,
Providence, RI 02903-1779

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

THE COURT: Good morning.

ALL: Good morning, Your Honor.

THE CLERK: The matter before the Court is Civil Action 99-0444 and 99-0466, Subaru of New England versus Bald Hill Realty and Bald Hill Realty versus Subaru of New England.

THE COURT: This case is here for consideration of Bald Hill's motion to remand, and also its motion to dismiss. First of all, would counsel please identify yourselves for the record and state who you represent.

MR. McENTEE: Attorney Michael McEntee representing Bald Hill Realty, Co. doing business as Bald Hill Subaru.

MR. O'GARA: William O'Gara on behalf of Subaru of New England. Judge, I am serving as local counsel to the law firm of Todd & Weld, Kathleen Genova is here today to argue on behalf of Subaru of New England. There is a pending motion to have her admitted along with her colleague Howard Cooper.

THE COURT: I haven't seen that motion. The clerk informs me it came in yesterday.

THE CLERK: It went to chambers

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

yesterday, Judge.

THE COURT: Do you have it there or is it upstairs now?

THE CLERK: It's up stairs, sir.

THE COURT: Is there any objection to the motion?

MR. McENTEE: No objection.

THE COURT: Is the motion on the Court's form?

THE CLERK: Yes, it is. Yes, it is.

THE COURT: How do you spell the last name, Ms. Genova?

MS. GENOVA: G-E-N-O-V-A.

THE COURT: All right. The motion to admit Ms. Genova pro hac vice is granted. All right. I have read your memoranda, counsel. There is no need to repeat what you have said in the memoranda, but if you would like an opportunity to briefly argue, I will give each of you ten minutes to argue. So I guess since it's your motion, Mr. McEntee, I will hear what you have to say first.

MR. McENTEE: May it please the Court, as the Court has indicated, you have read

the memoranda, the travel and the background all extensively has been put forward in the memorandum of law and supplemental memorandum of law. The key in this case, the issue before the Court on the motion to remand is whether this case was removable or not removable under the functional test set out in Volkswagen v Puerto Rico, Inc. versus Puerto Rico Labor Relations Board.

I have outlined in my memorandum the criteria set forth by the First Circuit, the three particular inquires that the Court should analyze as far as whether remand is appropriate or not, or removable is appropriate or not. I have also in my supplemental memorandum of law provided a copy of United States Magistrate Judge Lovegreen's opinion in Nissan of Smithfield, Inc. versus Nissan Motor Corporation USA, which are dated March 17, 1998. That recommendation was appealed; however, the matter was settled prior to then Chief Judge Lagueux deciding the case. However, it is very, very persuasive I believe as to the aspects of the Volkswagen case, and how the Volkswagen case applied to this particular

case.

In this case, the essence of the underlying dispute here is the enforcement of the statutory regulations regarding both SNE's license to operate in the State of Rhode Island and the franchise agreements between the automobile manufacturers and their dealers. This is clearly issues that go to particular aspects that jurisdiction, exclusive original jurisdiction is in the Board. There is no exclusive original jurisdiction in any Courts. The granting, the revocation, the regulation of manufacturers' licenses may only be brought before the Board. These are powers that are not available to the Courts under the statutory scheme regulating the automobile dealers and manufacturers.

THE COURT: Mr. McEntee, aren't the Board's decisions with respect to that appealable first to the Director of Business Regulation and then to the Superior Court?

MR. McENTEE: That is correct. My point is that there is no exclusive original jurisdiction in the Courts, and therefore that to go further to the aspect that this is a

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

administrative body not a Court. This is not a body sitting as a Court. It is a body and therefore as an administrative body, it is not a case that is subject to removal.

THE COURT: What is the relief that Bald Hill is seeking before the Board of Motor Vehicle Licenses?

MR. McENTEE: Specifically, relief in regards to the possible suspension or revocation of its license to operate in the State of Rhode Island as well as the enforcement of compliance with the specific statutory regulations set forth in 31-5.1-4 and 31-5.1.

THE COURT: That is basically injunctive relief, isn't it?

MR. McENTEE: Well, I think in this case, it is not just injunctive -- it's not injunctive relief in the essence of what an injunction fully entails, but rather it's a -- part of the relief was a motion to stay pending the resolution of the matter before the Board. The issue before the Board is to seek a remedy whereby Subaru of New England, having a license to deal and to operate in the State of Rhode Island, has to comply with the various statutory

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

regulations in place. Now, if they don't comply with those particular regulations, their license may be suspended and/or revoked. So we are asking for the relief before the Board to enforce that statutory, regulatory scheme to make sure they comply with 31-5.4, to make sure they comply with 31-5 and if they don't, that their license to operate in the State of Rhode Island should either be revoked and/or suspended.

This is the powers, there is no avenue to go to Providence Superior Court or any Court in the first instance to seek a revocation or suspension of SNE's license. The only avenue, if there is a belief that they have not complied with the statutory or regulatory scheme, is before the Board. So we are asking the Board to enforce those regulations, and that's the only place it can go it. It can't go to the Courts in the first instance. Obviously, under appeal, it can go up the Director of the Department of Transportation and then to the Courts on issues of appeal, but the granting and the revoking or suspending of the licenses originally jurisdiction is with the Board.

THE COURT: But you're seeking to

prevent SNE from revoking the franchise of Bald Hill, isn't that the relief that your seeking?

MR. McENTEE: Yes, we are asking them to invoke its jurisdiction and stop the determination that was issued on June 25th. We are also asking that they, through there obligation of enforcement, enforce that statutory scheme and in the event that SNE decides it is not going to comply with 31-5.4 or 31-5, that its license be suspended and/or revoked. So we are asking for both reliefs and that's the distinction here.

This is not just a contract case. This is a case that involves SNE which is licensed to operate in the State of Rhode Island and it's the statutory scheme regarding the enforcing those regulations regarding SNE to operate in the State of Rhode Island under its license and also the franchise agreement between SNE and the dealer, but that is a key aspect of this case as to why this is not a Court.

In addition to that issue, I think that under the analysis set forth in Volkswagen, which I have detailed in my memorandum and supplemental memorandum which I

have cited, United States Magistrate Judge Lovegreen, the factors here are that clearly it doesn't fit in the Volkswagen case. There is no rule-making authority in the Volkswagen case, where this Board specifically has rule-making. In Volkswagen, it was clearly an Federal issue - Labor Board, and this issue is a State Court and the jurisdiction again was addressed in that Nissan case and that was clearly stated that jurisdiction is clearly an issue of state law. It should be addressed to the State Courts. And particular the state boards and then to the Courts if there is a an appeal through that route.

So, again, I put all of these aspects forward in my memorandum and in my supplemental memorandum, and I would ask the Court to remand this case in that the Board is not a Court, it's clearly not a Court. Its job here isn't to enforce that statutory, regulatory scheme.

Now, as to the second case, the factors I believe that the Colorado River doctrine clearly does apply in that particular case. SNE has argued that there is no State

Court action pending and therefore it doesn't apply, but the fact of the matter is, as I have argued in my motion to remand, and as noted in the briefs submitted to the Court, on August 5th, it was an action before the Board. Not until September 24th did that get removed. If this Court does, in fact, remand the matter back to the Board, clearly jurisdiction will have been with the Board from the point that it was initiated before the Board. They can not say that there is no state pending action because they removed it. If in fact that removal is not appropriate, if the removal was not appropriate, it has got to be considered remanded back to the Board as of the date it was initiated there, and clearly we would have a pending state action before that particular Board.

Now, this particular case is extremely similar to the case in Subaru of New England versus Lakes Subaru Limited which I have provided a copy to the Court in my supplemental memorandum of law and Judge Keeton in the United States District Court for the District of Massachusetts looked at issues extremely similar to the issues in this particular regard, and he

found in that particular case that three of factors taken together showed the exceptional circumstances which would require a dismissal under the Colorado doctrine. I submit to this Court that those same factors apply here. In that case, he ruled that inconsistent outcomes might result if the State and Federal proceedings go forward. New Hampshire had manifested a particular interest in the uniform, consistent application of its statute, and that there was a substantial overlap regarding the claims asserted in the case before Judge Keeton and the one that was before the New Hampshire Board.

The same thing exists here. Clearly, it is a situation where if the first matter is remanded, there may be inconsistent outcomes. Rhode Island has clearly manifested a particular interest in the uniform, consistent application of its statutes, and there is a substantial overlap. Now, I am anticipating ---

THE COURT: What are the provisions of the regulatory scheme that your client contends would warrant revoking the license of SNE?

MR. McENTEE: The provisions would

be 31-5-23 particularly subsections (6), (7), and (8). Subsection (6) in that the applicant or licensee has attempted to coerce or coerced any motor vehicle dealer to enter into an agreement with the manufacturer, factory, branch, distributor or representative as the case may be. Subsection (7), because the applicant or licensee has unfairly or without due regard to the equities of the motor vehicle dealer, without just provocation, threatened to cancel the franchise of new motor vehicle dealer and (8) because the applicant or licensee has unfairly or without due regard to the equities of a motor vehicle dealer, without just provocation, cancelled the franchise of the motor vehicle dealer.

These are the particular provisions that are cited in the complaint that's before the Board, specifically, they are in paragraphs 43, 44, 45, and 46. These are the provisions whereby the statutory, regulatory scheme requires that the Board enforce those specific statutory regulations, and if in fact, SNE does not comply with these particular sections and show good cause for its termination

of the franchise agreement, then in fact their license may be suspended or revoked.

THE COURT: All right. Ms. Genova, what do you have to say?

MS. GENOVA: Thank you, Your Honor. Just for the Court's information, there is a corporate representative from Subaru of New England here today, Mr. Hank Burbank, who is sitting in the front row, vice president of market development.

Your Honor, I won't repeat the issues that had been briefed, given that you stated at the outset that you have read the briefs. I would like to briefly comment on some of the arguments that have been made today by Mr. McEntee as well the supplemental memoranda that were submitted on Thursday by Bald Hill Subaru.

In this case, the thrust of both the motion to remand and the motion to dismiss is this argument that the state law issues that are at issue in this case are things that should be in front of the dealer Board, that the Federal Court isn't the appropriate forum to ask for a decision on whether a distributor or a

dealer has violated the state motor vehicle dealer franchise statutes.

THE COURT: Well, that is not really the basis for the motion to remand though, is it? The motion to remand I thought was based on the contention whether the motor vehicle dealers' licensing Board was a Court.

MS. GENOVA: That is correct, Your Honor, and one of the issues under the three part functional test is the state's interest in providing a forum for the resolution of the dispute.

THE COURT: How do you think that bears on whether or not the dealers' licensing commission is a Court. I know that's one of factors that the First Circuit has cited, but what difference would it make, can you explain to me why the respective state and Federal interests involved in the particular dispute would be a consideration in determining whether the Board is a Court?

MS. GENOVA: Based on the cases that I have read, Judge, I haven't seen that any of them analyze it, but my reading of them is that factor ties into the idea that boards have

specialized expertise, and it ties in to the idea that the state, if it has set up an administrative agency that will have specialized expertise in dealing with the type of issues that the state would like the administrative agency to address, that the Federal Courts should defer to that. So I actually think in this case, that factor cuts in SNE's factor, which is Subaru of New England.

My understanding of the issues in this case, which are breach of contract and which are a straightforward application of the provision of the motor vehicle dealer franchise statute, are legal issues. They are issues that the Courts applied before the motor vehicle Board was formed and which under section 31-5 or 5.1, I am afraid this cite is not right in front of me, aggrieved parties may still bring to the Courts instead of going to the Board if they choose to, and I cite the statute in our papers.

Here we are not talking about any specialized expertise of the dealer Board. This isn't a case that's about unique issues with the motor vehicle industry. It's not about

performance. Its not about how a warranty claim should be processed. It's not about whether a allocation system is fair, about turn and earn. It's not about all sorts of things that one might expect a dealer Board to have expertise in and which a Court is perfectly competent to adjudicate, but the Court might have to be educated, whereas theoretically, a motor vehicle dealer Board would not need to be.

THE COURT: Suppose the claim here was that Subaru New England had told Bald Hill that unless they -- I know this doesn't apply in this case, but suppose Bald Hill also sold Chevrolets and Subaru told Bald Hill unless they dropped Chevrolets or put the Chevrolets in the back lot, that they were going to terminate the franchise agreement or the dealership agreement. Would Bald Hill be able to bring that claim before the motor vehicle dealers' licensing commission?

MS. GENOVA: For reasons somewhat different from what we were just discussing, I would argue that they could not, because I don't believe, as I read the statute, that the dealer Board has the jurisdiction to resolve termination

disputes. If we were to talk about whether that's -- are you asking whether that's within the specialized expertise of a dealer Board?

THE COURT: No, I am trying to have you identify for me what you think is the line between a legal dispute that belongs in the Court and a dispute regarding coercion or improper termination of a dealership agreement that belongs before the motor vehicle dealers' licensing commission.

MS. GENOVA: If I can take a step back because Subaru of New England is a distributor, I would suggest that nothing involving it in the lines of what you just suggested belongs in front of the Board. If I could take a simpler hypothetical and go with the manufacturer that everyone agrees undisputedly a manufacturer ---

THE COURT: Is Subaru of New England licensed by the State of Rhode Island or not?

MS. GENOVA: They are. And they are a distributor under the statutory scheme. The statute however also defines a manufacturer as anyone who manufactures or assembles motor

vehicles or any entity that is controlled by anyone who does. And there are certain provisions that give the dealer Board the ability to deal with manufacturers on issues where the statute does not say it can deal with distributors.

Now, in the supplemental memoranda, Bald Hill has argued that Subaru of New England is a manufacturer under the statute, and that's based on the reading of the definition section, which if it is read the way that Bald Hill says, that Bald Hill is a manufacturer, even the term good faith and established place of business is a manufacturer.

THE COURT: Can a manufacturer exempt itself from the statutory requirements by creating a subsidiary and calling it a distributorship and having the distributor deal with the dealer instead of the manufacturer?

MS. GENOVA: They shouldn't be able to. In a normal parent subsidiary relationship, the parent has the right of control; therefore, it would fall within the statutory definition of an entity that is controlled by a manufacturer. That

jurisdictional argument, Your Honor, which I would be happy to explore is a second tier argument, because we have raised it in our papers.

Our argument on the motion to remand is first that remand isn't appropriate under any analysis. Second, though, if the Court believes that removal is improper, then it should consider the jurisdictional issues. So if you would like me to go in the second tier, I may, but on the first tier issue, for what would belong in front of the dealer Board, I would suggest that with regard to the distributor and Subaru of New England is the only distributor operating in the State of Rhode Island. In fact, Subaru or Toyota are the only ones left in the country that use any distributors, any independent distributors and Toyota only uses them down in the southern part of the country. So with regard to distributors such as Subaru of New England, I would suggest that the dealer Board may not ever exercise jurisdiction over a termination dispute.

And looking at the three part analysis of what makes something a Court, I would

suggest that the dealer Board is not a Court for the reasons that are briefed in my memoranda and turning to the supplemental memorandum that was submitted by Bald Hill, the Nissan decision dealt with the manufacturer not a distributor, the Nissan decision made by Judge Lovegreen. Further, the Nissan decision, I would respectfully suggest, is wrong. In that when it looks at the first prong in particular of the functional test, which is how the Board will function in the proceeding at issue, the Magistrate concluded that the Board would not function like a judicial body. And in reaching that conclusion, the Court looked at the breath of the agency's powers, just like Bald Hill asks this Court to look at the breath of the agency's powers. However, in this case, which is all that the Court is supposed to be looking at under Volkswagen and progeny, in this case, the Board is acting only like a Court. It has lots of judicial functions. It's going to hear evidence, it is going to swear witnesses. It's going to issue findings of fact. It has the ability to subpoena people to appear before it as I read the regulations. And those are set out in more

detail on I believe page seven of our memoranda, the type of ways in which this Board will act like a Court.

I would also suggest, Your Honor, that on this issue of the state's interest, there isn't a state's interests on this issue because the breach of contract issues and the application of the dealer franchise to this case, the dealer franchise statutes are very straightforward. Bald Hill cites a statutory provision that says anything in a dealer agreement that is inconsistent with the statutory scheme is invalid. The provisions in the dealer agreement that Subaru of New England is relying on, that we allege Bald Hill has breached, are perfectly consistent with the statute. Those provisions say that this contract is a personal services contract. If you want to change who owes it or who manages it, ask us first, and we have so we have an opportunity to consent and consent won't be unreasonably withheld. That is precisely what the statute says a manufacturer or a distributor is supposed to do. So there is no alleged inconsistency between the statutory provisions at issue and the contractual

provisions at issue.

Your Honor, I would also bring to your attention that in the supplemental memoranda, Bald Hill has cited to a pending New Hampshire lawsuit which we refer to as the Lussier case. That is the case with several motor vehicle dealers including Bald Hill have brought against Subaru of New England alleging violations of the motor vehicle dealer franchise statutes in the six New England States and Bald Hill on page ten of each of its supplemental memoranda acknowledges that in that case they have alleged violations of the provision of the Rhode Island statute that they say prohibits option packing.

THE COURT: What?

MS. GENOVA: Option packing.

THE COURT: Option packing?

MS. GENOVA: Option packing is lingo in the motor vehicle dealer industry to refer to coercing a motor vehicle dealer to purchase products that it doesn't want to purchase.

Now, I bring that to Your Honor's attention because that's under Bald Hill

argument in this case, those are issues that should have been brought before the dealer Board. Under Bald Hill's arguments in this case, those are allegations that should result in licensing action against Subaru of New England. Yet Bald Hill has left the State of Rhode Island, and gone up to a New Hampshire Federal Judge and asked that New Hampshire Judge, please resolve these issues as to whether Subaru of New England violated Rhode Island motor vehicle dealer franchise statute. I would suggest, Your Honor, that all of Bald Hill's arguments here, that only a Rhode Island Court and in fact only the Rhode Island dealer Board should be dealing with the legal issues under the dealer franchise statutes, cannot be taken at face value where Bald Hill admittedly is willing to go to the Federal forum itself to have decisions rendered under the statutory provisions. In fact, they are willing to go to an out of state Federal Court, and it is unfathomable to me that a New Hampshire Federal Judge is better equipped than a Federal Judge sitting in this Court, particularly a Court where some many of the Federal judges come from the New Hampshire State Court system. Pardon me. The

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

Rhode Island State Court system to resolve issues arising under Rhode Island state law. If Your Honor is interested, I do have the complaint in the Lussier case which was not attached to Bald Hill's submission. In that case, they refer to alleged violations of the Rhode Island statutory provisions. They seek judgment on a count brought under those provisions. They also seek judgment alleging that Subaru of New England has violated the parties' Rhode Island dealership agreement.

THE COURT: I don't really think it is relevant what position they have taken in another case. I don't think is really relevant. It's not unusual for parties or counsel to take inconsistent positions in different cases. My job is to determine whether the position they take in the case before me is correct or not.

MS. GENOVA: Well, I would suggest that that behavior, which is acknowledged in their brief, isn't just inconsistent. It shows that Federal Courts are an appropriate forum to go to.

Your Honor, in terms of the motion to dismiss ---

TUESDAY, JANUARY 4, 2000
MOTION TO REMAND & MOTION TO DISMISS

THE COURT: You have about one minute left.

MS. GENOVA: Thank you. In terms of motion to dismiss, I have a slight advantage over Mr. McEntee in that I am the counsel responsible for the Lakes Subaru case, which is the Judge Keeton decision in Massachusetts, that supposedly supports the idea that this case should be dismissed under the Colorado River doctrine. That decision was rendered in a completely different set of circumstances. It was a nonrenewal, not a termination, and it was a nonrenewal based upon performance issues and while I don't agree with the ruling in that case, I would suggest that performance issues are something that actually deal with the motor vehicle dealer industry per se as opposed to more breach of contract issues.

I would also call to the Court's attention that Judge Keeton was influenced by this analysis that Subaru of New England's complaint in that case was contrived within the meaning of the Colorado River doctrine. He felt that Subaru of New England was the Defendant in interest because Subaru of New

England was on notice from Bald Hill, pardon me, from Lakes Subaru that it intended to sue Subaru of New England, and instead we on behalf of Subaru of New England went to Court first. That's not the case here. In fact, as mentioned in my initial memorandum, Subaru of New England is the Defendant in interest. We are the party who is saying, pardon me. I am rushing so I am misspeaking. Bald Hill is the Defendant in interest. They are the party who has alleged to have breached a contract. Under cases decided under the Colorado River doctrine, including a case relied on by Bald Hill in their initial memorandum, the party who breaches the contract is the Defendant in interest. Further in the notice of termination, Subaru of New England told Bald Hill, we told them in June, that we would like to bring these issues to a Court to resolve in a orderly manner. We are not going to terminate you, your dealership agreement until a Court resolves these issues. Instead Bald Hill runs and files a complaint with the dealer Board before Subaru of New England could act, and they don't tell us that they filed it. I believe in my papers I stated that settlement discussions

had begun and then they filed the complaint. I actually had my time line wrong. They filed the complaint. Settlement discussions began a week later. But it is true that, as stated in my memorandum, that Bald Hill then didn't tell Subaru of New England that they filed a complaint. We found out over a month later. So if I just may -- thank you, Judge.

THE COURT: They are two motions, as I said at the outset, the motion to remand on the ground that this case was not properly removed. And the second motion, the motion to dismiss relying on the Colorado River doctrine, the premise that there is a pending state action that involves a matter of overriding state concern and this Court should defer to that.

I will take the motion to remand first and the question of whether or not this action was properly removed. Essentially, there are two requirements for removal. First of all, the case removed must have been initially brought or pending in a State Court. And the second requirement is that the case is one that could have initially been brought in this Court in Federal Court. There is no dispute regarding

the second requirement. It is clear that this case could have been brought, the case that was filed before the motor vehicle dealers' licensing commission could have been brought initially here in the Federal District Court. The dispute focuses on whether or not the motor vehicle dealers' licensing commission is a Court within the meaning of the removal statute. And I should say, I suppose parenthetically, it appears from my review of the Rhode Island statute that there may be a serious question as to whether given the nature of the complaint filed before the licensing commission, whether the commission has jurisdiction under state law or whether that claim properly should have been filed in the Superior Court. That doesn't matter. I say that that's a parenthetical observation because it doesn't make any difference. If a case is pending before a State Court, it does not matter whether that Court has jurisdiction or not as long was it was pending before the Court and the matter could have been brought in this Court, that would be sufficient to support removal. So the real question here is whether the motor vehicle dealers' licensing commission is a Court

within the meaning of the removal statute.

And as both counsel have recognized in their memoranda and their arguments today, the First Circuit has prescribed a three part functional test for making that determination. It isn't what the body is called, whether it's denominated a Court or something else, but rather it's whether as a practical matter it is functioning as a Court. And as I say, there is a three prong test and the first two prongs are the most helpful to look at.

One of those prongs is whether or not, or I should say, how the commission is functioning in this case and what powers is it exercising or being asked to exercise. It seems pretty clear in this particular case that the essence of the dispute and the gist of the complaint, the basis of the complaint filed with the commission, is a contractual dispute. It is whether or not Bald Hill has breached the terms of its contract with Subaru of New England. And if so, whether Subaru of New England is entitled under that contract to terminate the dealership arrangement. And contract disputes like that are traditionally

matters that are addressed by Court. They involve questions of law that are typically within the province of Courts to decide. Furthermore, the gist of the relief being sought from the commission is to prevent or enjoin Subaru New England from making good on its threat to terminate the dealership arrangement with Bald Hill. And injunctive relief, again, is not only typically but exclusively a power that is exercised by Courts and not administrative agencies.

So with respect to this particular dispute, it seems to me that the nature of the dispute, the nature of the relief being claimed and what the commission is really being asked to do, all cast the commission in the role of a Court. I think it does qualify as a Court within the meaning of the removal statute.

And therefore the case was properly removed in the first place, and the motion to remand should be denied.

And having said that the motion to dismiss then becomes moot. Again, I note parenthetically even if it were not moot, there would be a real question as to whether

Colorado River would warrant this Court dismissing the declaratory judgment action, but that's neither here or there because in order for Colorado River to apply, there has to be a pending State Court action, and since the motion to remand has been denied, there is no pending State Court action. So the motion to dismiss also is denied.

Now, ordinarily I would stop there except there are two additional matters I suppose that ought to be clarified or three additional matters, I guess, that ought to be clarified. First of all, in making this ruling, I am not by any means prohibiting Bald Hill from bringing any proceeding before the motor vehicle dealers' licensing commission to revoke the license of Subaru New England for breaching the Rhode Island statute. What I am saying is in this particular case, the essence of the dispute is not something that would come within the scope of the motor vehicle dealers' licensing commission or let me put it another way. In the context of this particular dispute, the motor vehicle dealers' licensing commission is being asked to act as a Court, not as a licensing

commission. It may very well be that Bald Hill has some claim against Subaru of New England for violation of the statute with respect to matters that are not strictly legal in nature or with regard to which the commission would not be acting as a Court but would be acting as a licensing commission, and I certainly don't foreclose that possibility. I am only ruling on this particular dispute that is presently before this Court.

The second thing point I should clarify is that, I don't know if Mr. McEntee made a formal request on this, but it would seem to me that the stay, since the motion to remand has been denied, that the stay previously granted by the commission would no longer be of any effect, and I am not foreclosing you for asking for preliminary injunctive relief to prevent the termination of the franchise until the matters pending in this Court are resolved. I make no judgment one way or the other as to whether you would be granted such relief, I am simply saying I don't foreclosure your right to seek that type of relief. If and when you seek it, then I will rule on it.

And the third point I should make and again not something that has to be decided right now, but my inclination would certainly be to consolidate the two matters now pending in this Court, the declaratory judgment action that was brought by Subaru of New England and the now removed matter that was brought before the motor vehicle dealers' licensing commission. So I will alert counsel to the fact that my intention would be to consolidate those two cases. If someone wants to move for that or if someone wants to object to that being done, I will give you certainly an opportunity to do so, but for now, the motion to remand is denied, and motion to dismiss also is denied.

(COURT ADJOURNED)