# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUBARU OF NEW ENGLAND, INC.,

*Plaintiff,*

v.

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

*Defendant.*

C.A. No. 07-249-S

**DEFENDANT'S INTERROGATORIES PROPOUNDED TO PLAINTIFF SUBARU OF NEW ENGLAND, INC.**

Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru, ("Defendant"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that the Plaintiff Subaru of New England, Inc. ("Plaintiff") serve answers to the following interrogatories within twenty-one (21) days, according to the parties' expedited discovery schedule, at the offices of McEntee & McEntee, 915 Tollgate Road, Warwick, Rhode Island 02886.

**Definitions**

1. The terms "Defendant" and "Bald Hill" shall refer to Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru, and Defendant's agents, servants, attorneys and employees.

2. The terms "you", "your", "yours", "Plaintiff" and "SNE", shall refer to Plaintiff Subaru of New England, Inc., and Plaintiff's agents, servants, attorneys and employees.

3. Whenever used herein, the word "identify" or any variation thereof shall mean:

(a) with respect to a person, state his or her full name, any previous names or aliases, any residence address(es) and telephone number(s), business address(es) and telephone number(s), present or last known employer, job title, position or business activity, and relationship, if any, to you; if such person is or was acting for or on behalf of another, also identify the entity or person for whom such person is or was acting;

(b) with respect to a firm or corporation, state its full and correct name, the address of its principal place of business, the address of each office maintained by it and the nature of its business;

(c) with respect to any "document", as that term is defined herein, state its author(s), its recipient(s) or addressee(s), its current location and custodian(s), its date of creation, and its general subject matter or content.

4. Whenever used herein, the word "person" shall include individuals, corporations and any other kind of legal entity or organization.

5. Whenever used herein, the word "or" shall be construed to mean "and/or".

6. As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogues, pamphlets, periodicals, lists, brochures, reports, minutes, books or records of account, schedules, tax returns, computer print-outs, tapes or memories, Photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

7. As used herein, the term "November 2006 Notice" shall mean the November 14, 2006 Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise issued by Plaintiff to Defendant.

8. As used herein, the term "June 2007 Notice" shall mean the June 6, 2007 Notice of Termination of Subaru Dealer Agreement and Franchise issued by Plaintiff to Defendant.

**Instructions**

A. In answering these interrogatories, furnish all information available to you, including information in the possession of your attorney(s) or other persons acting on your behalf, and not merely information based on your own personal knowledge. If you are acting in some representative capacity on behalf of others, or on behalf of some corporation or other entity, furnish all information available to that entity or person. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer the remainder, stating whatever information or knowledge you have concerning the unanswered portions.

B. These interrogatories are to be considered continuing, and you are directed, pursuant to Rule 33, to provide supplemental answers whenever you or any other person acting on your behalf may obtain additional information that augments or otherwise modifies your original answers to the interrogatories below. Any such supplemental answers are to be served within twenty (20) days after the information or knowledge is obtained but in no event later than ten (10) days before the date set for trial.

C. As to any requested information to which a claim of privilege is made or to which a claim of protection from discovery is made, identify the privilege or rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claim, including but not limited to: (1) the identity(ies) of the person(s) making the communication; (2) the identity(ies) of the sender(s) of the communication; (3) the identity(ies) of the communication's recipient(s); (4) the form or type of the communication; and (5) the rule or privilege relied upon.

**Interrogatories**

1. Identify the person(s) answering these interrogatories.

2. Identify each person having any knowledge of relevant facts related to the decision by SNE to terminate Bald Hill's franchise.

3. Identify each expert whom you expect to call as a witness at trial and state:

   a. The subject matter on which each expert is expected to testify;
   b. The substance of the facts and opinions to which each expert is expected to testify; and
   c. Give a summary of the grounds for each such opinion and state the subject area or areas as to which such expert will give testimony and has previously testified in any trial or deposition.

4. Identify each consulting expert whose report or work product was or will be reviewed by any testifying expert whom you expect to call at the trial of this case.

5. Identify all persons whom you intend to call to testify as lay witnesses at a trial in this matter.

6. Identify any other franchise termination proceedings initiated by SNE from January 1, 2006 and up to and including the present date, including the identity of the franchisee(s), the basis for the termination proceedings, and the present status of each termination proceeding.

7. Identify all facts, including the source(s) of data and method(s) of calculation, in support of your determination, as stated in the November 2006 Notice, that:

> In order for Bald Hill to cure its deficiencies, it must achieve the following:
>
> a. Bald Hill Must sell at least 55% of the new Subarus sold into its Area of Responsibility ("AOR");
> b. Bald Hill must sell 288 new Subarus between December 1, 2006 and May 31, 2007; and
> c. Bald Hill must raise its SOLI purchase score up to at least the Regional average between December 1, 2006 and May 31, 2007; and maintain a satisfactory service SOLI score during that period as well.

8. With regard to each of the three criteria set forth in the previous interrogatory, state whether the Defendant met or did not meet each criterion, and all facts in support of that conclusion, including data sources.

9. Identify all persons with knowledge and state all facts, including the identity of any documents and the date and substance of each oral or written communication, in support of the following allegations in your November 2006 Notice, page one:

> As we advised you, SNE management has been concerned over the poor sales performance of Bald Hill for several years. We have provided Bald Hill with suggestions regarding Bald Hill's substandard management on many occasions which have not been followed.... SNE believes we have made reasonable efforts to assist Bald Hill over the past several years in order to help improve its performance. However, Bald Hill has refused to act on our suggestions and continues to operate in breach of the material sales performance & personnel provisions of its Agreement, resulting in no significant improvement in Bald Hill's new Subaru sales.

10. If you contend any party other than yourself may be liable for the Plaintiffs' alleged losses, then identify such person(s) and what facts support their liability.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that on the 14th day of September, 2007, the foregoing interrogatories were served upon local counsel of record for Subaru of New England, Inc. via facsimile:

Mitchell R. Edwards, Esq.
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Fax: (401) 277-9600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUBARU OF NEW ENGLAND, INC., *Plaintiff*, | : | |
| v. | : | C.A. No. 07-249-S |
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU *Defendant.* | : | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SUBARU OF NEW ENGLAND, INC.**

Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru, ("Defendant"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Plaintiff Subaru of New England, Inc. ("Plaintiff") produce the documents listed below for inspection and copying within twenty-one (21) days, according to the parties' expedited discovery schedule, at the offices of McEntee & McEntee, 915 Tollgate Road, Warwick, Rhode Island 02886.

**DEFINITIONS:**

(i) The term "Defendant" and "Bald Hill" shall refer to Defendant Bald Hill Realty Co. d/b/a Bald Hill Subaru, and Defendant's agents, servants, attorneys and employees.

(ii) The terms "you", "your", "yours", "Plaintiff" and "SNE", shall refer to Plaintiff Subaru of New England, Inc., and Plaintiff's agents, servants, attorneys and employees.

(iii) As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other

sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogues, pamphlets, periodicals, lists, brochures, reports, minutes, books or records of account, schedules, tax returns, computer print-outs, tapes or memories, Photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

(iv) If you claim that any document or statement is privileged or work product, please provide the following; name of person who gave the statement or created the document; name of the person who received it; each recipient of the documents; the date it was created; and the subject matter that is addressed in it, with sufficient details so that a court can make a determination as to whether there is a valid basis to assert a privilege.

(v) As used herein, the term "November 2006 Notice" shall mean the November 14, 2006 Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise issued by Plaintiff to Defendant.

(vi) As used herein, the term "June 2007 Notice" shall mean the June 6, 2007 Notice of Termination of Subaru Dealer Agreement and Franchise issued by Plaintiff to Defendant.

**<u>DOCUMENT REQUESTS:</u>**

1. All documents referred to or relied upon by SNE in making its determination to terminate Bald Hill.

2. All documents referred to or relied upon by SNE in making its determination that Bald Hill's performance was deficient.

3. All documents referred to or relied upon by SNE in generating its November 2006 Notice.

4. All documents referred to or relied upon by SNE in November 2006 in making its determination that its criteria set forth in the November 2006 Notice was reasonable.

5. All documents referred to or relied upon by SNE that indicate the reliability of the method(s) employed by SNE in determining the criteria set forth in the November 2006 Notice.

6. All documents referred to or relied upon by SNE in June 2007 in making its determination that Bald Hill did not cure its performance under the criteria.

7. All documents referred to or relied upon by SNE in June 2007 in generating its June 2007 Notice.

8. All documents generated from January 1, 2006 to the present referring or relating to other franchise termination proceedings initiated by SNE, including but not limited to notices of deficiencies, notices of termination and related correspondence.

9. All documents generated from January 1, 2006 to the present that support or contradict the sales information presented in Bald Hill's Amended Complaint.

10. All documents that set forth the unit sales by model for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

11. All documents that set forth the sales objectives for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

12. All documents that set forth SNE's allocation by model for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

13. All documents that set forth SNE's criteria for a dealer to achieve 2007 President's Club status, as well as all documents referred to or relied upon by SNE in determining that criteria.

14. All documents that have not been produced in response to previous requests that indicate the reasonableness of the criteria set forth by SNE in the November 2006 Notice and/or the June 2007 Notice.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that on the 14th day of September, 2007, the foregoing request for production of documents was served upon local counsel of record for Subaru of New England, Inc. via facsimile:

Mitchell R. Edwards, Esq.
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Fax: (401) 277-9600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BALD HILL REALTY CO. d/b/a
BALD HILL SUBARU

Petitioner,

v. C.A. No. 07-298S

SUBARU OF NEW ENGLAND, INC.

Respondent.

**PETITIONER'S INTERROGATORIES PROPOUNDED**
**TO RESPONDENT SUBARU OF NEW ENGLAND, INC.**

Petitioner Bald Hill Realty Co. d/b/a Bald Hill Subaru, ("Petitioner"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that the Respondent Subaru of New England, Inc. ("Respondent") serve answers to the following interrogatories within twenty-one (21) days, according to the parties' expedited discovery schedule, at the offices of McEntee & McEntee, 915 Tollgate Road, Warwick, Rhode Island 02886.

**Definitions**

1. The terms "Petitioner" and "Bald Hill" shall refer to Petitioner Bald Hill Realty Co. d/b/a Bald Hill Subaru, and Petitioner's agents, servants, attorneys and employees.

2. The terms "you", "your", "yours", "Respondent" and "SNE", shall refer to Respondent Subaru of New England, Inc., and Respondent's agents, servants, attorneys and employees.

3. Whenever used herein, the word "identify" or any variation thereof shall mean:

(a) with respect to a person, state his or her full name, any previous names or aliases, any residence address(es) and telephone number(s), business address(es) and telephone number(s), present or last known employer, job title, position or business activity, and relationship, if any, to you; if such person is or was acting for or on behalf of another, also identify the entity or person for whom such person is or was acting;

(b) with respect to a firm or corporation, state its full and correct name, the address of its principal place of business, the address of each office maintained by it and the nature of its business;

(c) with respect to any "document", as that term is defined herein, state its author(s), its recipient(s) or addressee(s), its current location and custodian(s), its date of creation, and its general subject matter or content.

4. Whenever used herein, the word "person" shall include individuals, corporations and any other kind of legal entity or organization.

5. Whenever used herein, the word "or" shall be construed to mean "and/or".

6. As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogues, pamphlets, periodicals, lists, brochures, reports, minutes, books or records of account, schedules, tax returns, computer print-outs, tapes or memories, Photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

7. As used herein, the term "November 2006 Notice" shall mean the November 14, 2006 Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise issued by Respondent to Petitioner.

8. As used herein, the term "June 2007 Notice" shall mean the June 6, 2007 Notice of Termination of Subaru Dealer Agreement and Franchise issued by Respondent to Petitioner.

**Instructions**

A. In answering these interrogatories, furnish all information available to you, including information in the possession of your attorney(s) or other persons acting on your behalf, and not merely information based on your own personal knowledge. If you are acting in some representative capacity on behalf of others, or on behalf of some corporation or other entity, furnish all information available to that entity or person. If you cannot answer the interrogatories in full after exercising due diligence to secure the information, so state and answer the remainder, stating whatever information or knowledge you have concerning the unanswered portions.

B. These interrogatories are to be considered continuing, and you are directed, pursuant to Rule 33, to provide supplemental answers whenever you or any other person acting on your behalf may obtain additional information that augments or otherwise modifies your original answers to the interrogatories below. Any such supplemental answers are to be served within twenty (20) days after the information or knowledge is obtained but in no event later than ten (10) days before the date set for trial.

C. As to any requested information to which a claim of privilege is made or to which a claim of protection from discovery is made, identify the privilege or rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable a judgment to be formed as to the basis and validity of the claim, including but not limited to: (1) the identity(ies) of the person(s) making the communication; (2) the identity(ies) of the sender(s) of the communication; (3) the identity(ies) of the communication's recipient(s); (4) the form or type of the communication; and (5) the rule or privilege relied upon.

**Interrogatories**

1. Identify the person(s) answering these interrogatories.

2. Identify each person having any knowledge of relevant facts related to the decision by SNE to terminate Bald Hill's franchise.

3. Identify each expert whom you expect to call as a witness at trial and state:

   a. The subject matter on which each expert is expected to testify;
   b. The substance of the facts and opinions to which each expert is expected to testify; and
   c. Give a summary of the grounds for each such opinion and state the subject area or areas as to which such expert will give testimony and has previously testified in any trial or deposition.

4. Identify each consulting expert whose report or work product was or will be reviewed by any testifying expert whom you expect to call at the trial of this case.

5. Identify all persons whom you intend to call to testify as lay witnesses at a trial in this matter.

6. Identify any other franchise termination proceedings initiated by SNE from January 1, 2006 and up to and including the present date, including the identity of the franchisee(s), the basis for the termination proceedings, and the present status of each termination proceeding.

7. Identify all facts, including the source(s) of data and method(s) of calculation, in support of your determination, as stated in the November 2006 Notice, that:

> In order for Bald Hill to cure its deficiencies, it must achieve the following:
>
> a. Bald Hill Must sell at least 55% of the new Subarus sold into its Area of Responsibility ("AOR");
> b. Bald Hill must sell 288 new Subarus between December 1, 2006 and May 31, 2007; and
> c. Bald Hill must raise its SOLI purchase score up to at least the Regional average between December 1, 2006 and May 31, 2007; and maintain a satisfactory service SOLI score during that period as well.

8. With regard to each of the three criteria set forth in the previous interrogatory, state whether the Petitioner met or did not meet each criterion, and all facts in support of that conclusion, including data sources.

9. Identify all persons with knowledge and state all facts, including the identity of any documents and the date and substance of each oral or written communication, in support of the following allegations in your November 2006 Notice, page one:

> As we advised you, SNE management has been concerned over the poor sales performance of Bald Hill for several years. We have provided Bald Hill with suggestions regarding Bald Hill's substandard management on many occasions which have not been followed.... SNE believes we have made reasonable efforts to assist Bald Hill over the past several years in order to help improve its performance. However, Bald Hill has refused to act on our suggestions and continues to operate in breach of the material sales performance & personnel provisions of its Agreement, resulting in no significant improvement in Bald Hill's new Subaru sales.

10. If you contend any party other than yourself may be liable for the Plaintiffs' alleged losses, then identify such person(s) and what facts support their liability.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

Michael J. McEntee, Esq. (#2092)
McEntce & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteclaw@verizon.net

**CERTIFICATION**

I hereby certify that on the 14th day of September, 2007, the foregoing interrogatories were served upon local counsel of record for Subaru of New England, Inc. via facsimile:

Mitchell R. Edwards, Esq.
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Fax: (401) 277-9600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BALD HILL REALTY CO. d/b/a BALD HILL SUBARU | : | |
| Petitioner, | : | |
| v. | : | C.A. No. 07-298S |
| SUBARU OF NEW ENGLAND, INC. | : | |
| Respondent. | : | |

**PETITIONER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**<u>TO RESPONDENT SUBARU OF NEW ENGLAND, INC.</u>**

Petitioner Bald Hill Realty Co. d/b/a Bald Hill Subaru, ("Petitioner"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Respondent Subaru of New England, Inc. ("Respondent") produce the documents listed below for inspection and copying within twenty-one (21) days, according to the parties' expedited discovery schedule, at the offices of McEntee & McEntee, 915 Tollgate Road, Warwick, Rhode Island 02886.

**<u>DEFINITIONS:</u>**

(i) The term "Petitioner" and "Bald Hill" shall refer to Petitioner Bald Hill Realty Co. d/b/a Bald Hill Subaru, and Petitioner's agents, servants, attorneys and employees.

(ii) The terms "you", "your", "yours", "Respondent" and "SNE", shall refer to Respondent Subaru of New England, Inc., and Respondent's agents, servants, attorneys and employees.

(iii) As used herein, the word "document" or "documents" includes, without limitation, any original, and all copies of any writings, memoranda, tape or other

sound recordings, contracts, agreements, invoices, checks, statements, receipts, letters, notes, telephone logs, diaries, calendar entries, telegrams, telexes or other forms of communication or correspondence, books, catalogues, pamphlets, periodicals, lists, brochures, reports, minutes, books or records of account, schedules, tax returns, computer print-outs, tapes or memories, Photostats, microfilm, or other written information, in whatever form, which is in the custody or possession or under the control of the Plaintiff.

(iv) If you claim that any document or statement is privileged or work product, please provide the following; name of person who gave the statement or created the document; name of the person who received it; each recipient of the documents; the date it was created; and the subject matter that is addressed in it, with sufficient details so that a court can make a determination as to whether there is a valid basis to assert a privilege.

(v) As used herein, the term "November 2006 Notice" shall mean the November 14, 2006 Notice of Sales Performance Deficiencies, Breach of Subaru Dealer Agreement, and Intention to Terminate Subaru Dealer Agreement and Franchise issued by Respondent to Petitioner.

(vi) As used herein, the term "June 2007 Notice" shall mean the June 6, 2007 Notice of Termination of Subaru Dealer Agreement and Franchise issued by Respondent to Petitioner.

**DOCUMENT REQUESTS:**

1. All documents referred to or relied upon by SNE in making its determination to terminate Bald Hill.

2. All documents referred to or relied upon by SNE in making its determination that Bald Hill's performance was deficient.

3. All documents referred to or relied upon by SNE in generating its November 2006 Notice.

4. All documents referred to or relied upon by SNE in November 2006 in making its determination that its criteria set forth in the November 2006 Notice was reasonable.

5. All documents referred to or relied upon by SNE that indicate the reliability of the method(s) employed by SNE in determining the criteria set forth in the November 2006 Notice.

6. All documents referred to or relied upon by SNE in June 2007 in making its determination that Bald Hill did not cure its performance under the criteria.

7. All documents referred to or relied upon by SNE in June 2007 in generating its June 2007 Notice.

8. All documents generated from January 1, 2006 to the present referring or relating to other franchise termination proceedings initiated by SNE, including but not limited to notices of deficiencies, notices of termination and related correspondence.

9. All documents generated from January 1, 2006 to the present that support or contradict the sales information presented in Bald Hill's Amended Complaint.

10. All documents that set forth the unit sales by model for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

11. All documents that set forth the sales objectives for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

12. All documents that set forth SNE's allocation by model for dealers in Bald Hill's primary market area and/or in Bald Hill's district from April 1, 2004 and up to and including the present date.

13. All documents that set forth SNE's criteria for a dealer to achieve 2007 President's Club status, as well as all documents referred to or relied upon by SNE in determining that criteria.

14. All documents that have not been produced in response to previous requests that indicate the reasonableness of the criteria set forth by SNE in the November 2006 Notice and/or the June 2007 Notice.

BALD HILL REALTY CO d/b/a
BALD HILL SUBARU,
By its attorneys,

Michael J. McEntee, Esq. (#2092)
McEntee & McEntee
915 Tollgate Road
Warwick, RI 02886
(401) 823-3313
(401) 826-0950 (fax)
mmcenteelaw@verizon.net

**CERTIFICATION**

I hereby certify that on the 14th day of September, 2007, the foregoing request for production of documents was served upon local counsel of record for Subaru of New England, Inc. via facsimile:

Mitchell R. Edwards, Esq.
Hinckley, Allen & Snyder, LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Fax: (401) 277-9600