# EXHIBIT
# D

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BALD HILL REALTY CO.
d/b/a BALD HILL SUBARU,

Plaintiff,

v.

SUBARU OF NEW ENGLAND, INC.,

Defendant.

C.A. No. 07-298-S

**AFFIDAVIT OF K. JOSEPH SHEKARCHI, ESQUIRE**

I, K. Joseph Shekarchi, Esquire, do hereby depose and say as follows:

1. I am an attorney licensed to practice law in the State of Rhode Island. I have operated my own law firm, Shekarchi Law Offices, since September 1995. I was the Chairman of the Rhode Island Motor Vehicle Dealers License and Hearing Board ("Dealer Board") from 1991 through 2001. I submit this affidavit to provide the Court with historical and factual information about the Dealer Board and how it operates in the same fashion as a court in deciding disputes between motor vehicle dealers and manufacturers. I make this affidavit based upon my own personal knowledge.

2. Between November 1990 and December 1992, I worked as the Deputy Chief of Staff/Assistant City Solicitor for the Office of the Mayor of the City of Warwick. Between December 1992 and January 1995, I worked as Associate Legal Counsel, Director of Legislation for the Rhode Island Office of the Governor. Thereafter, I worked as Associate Legal Counsel at the Department of Transportation from January through September 1995. A copy of my curriculum vitae is attached hereto at Tab A.

3. In 1991, Rhode Island Governor Bruce Sundlun appointed me as Chairman of the Dealer Board. At that time, the Dealer Board operated, and its five-member board served, pursuant to an Executive Order of the Governor.

4. In connection with my position as Chairman of the Dealer Board, and as a part of my duties as Director of Legislation for Governor Sundlun, I drafted the Dealer Board enabling legislation, which was ultimately passed by the Rhode Island legislature and adopted as law in 1993, and which exists, as amended, in R.I. Gen. Laws §31-5-2.1. The statute formalized the creation of the Dealer Board as the successor to the Rhode Island Dealers Hearing Board established by the Department of Transportation, and set out the membership and make-up of the Board, its terms, and the appeal process for Dealer Board decisions, and provided that the Dealer Board would have the same powers, duties and responsibilities of the previous Rhode Island Dealers Hearing Board under the already existing statutory framework.

5. During my ten year tenure as Chairman of the Dealer Board, I heard hundreds of contested matters. These matters included complaints by consumers against dealers and disputes between manufacturers and dealers. The disputes between manufacturers and dealers included protest proceedings instituted by dealers seeking to challenge a manufacturer's or distributor's appointment of a new dealer in or around the protesting dealer's area of responsibility, as well as cases in which the manufacturer was seeking to terminate the dealer. While I was Chairman of the Dealer Board, I presided over and decided dozens of disputes between manufacturers and/or distributors and dealers. Since I left the Dealer Board, after waiting one year, I have appeared before it as legal counsel to private parties on numerous occasions, including on behalf of Subaru of New England, Inc. in new dealer appointment cases.

6. The proceedings before the Dealer Board are adjudicatory and judicial in nature, and the Dealer Board operates in the same manner as a court. Such proceedings have the threshold characteristic of a civil action in state court in that they are between private parties who are adverse to each other, and they are commenced by complaint upon one party's charge and the Dealer Board orders the other party to respond.

7. The enabling legislation applicable to the Dealer Board specifically requires the Dealer Board to follow the Rhode Island Administrative Procedures Act, R.I. Gen. Laws §42-35-1 et seq. in conducting any hearing. The statute sets forth the framework for inter-party proceedings before the Dealer Board and further confirms that the Dealer Board acts like a court when it hears disputes between private parties. In particular, such proceedings have the following judicial characteristics:

- The Dealer Board requires that the Dealer Board follow the Rhode Island Administrative Procedures Act, R.I. Gen. Laws § 42-35-1 et seq, in conducting any hearing. See R.I. Gen. Laws § 31-5-2.1(d).
- The Dealer Board must generally follow "[t]he rules of evidence as applied in the superior courts of [Rhode Island]." R.I. Gen. Laws § 42-35-10(a).
- The parties are entitled to present and respond to evidence and argument. See R.I. Gen. Laws § 42-35-9(c).
- The parties may conduct cross-examination. See R.I. Gen. Laws § 42-35-10(c).
- The Dealer Board may take notice of "judicially cognizable facts." See R.I. Gen. Laws § 42-35-10(d).
- The Dealer Board must give effect to "the rules of privilege recognized by law." R.I. Gen. Laws § 42-35-10(a).
- For those matters which the Board has jurisdiction to adjudicate, it has the power to set the date and time for the hearing. See R.I. Gen. Laws § 31-5-17.
- In conjunction with these hearings, the Dealer Board may subpoena witnesses and it may consider depositions, and administer oaths. R.I. Gen. Laws § 31-5-17.

- The Dealer Board's orders after hearing must include "findings of fact" and "conclusions of law." R.I. Gen. Laws § 42-35-12.
- The Dealer Board's orders and decisions may be appealed to the state Superior Court. See R.I. Gen. Laws § 42-35-15.
- The Dealer Board has the power to refuse to stay its order pending appeal. See R.I. Gen. Laws § 42-35-15(c).

8. The Dealer Board carefully follows these procedures when it presides over inter-party proceedings. Attorneys formally enter their appearances for the parties in the proceedings, witnesses are sworn and testify under oath in a trial setting, and a record is created of hearings before the Dealer Board. Evidence is admitted subject to the rules of evidence, experts must be qualified to testify as they are in court, and the Dealer Board considers depositions under circumstances where witnesses are out of state or otherwise unavailable. After hearings, the Dealer Board members review the evidence, deliberate, and issue findings of fact and conclusions of law. Out-of-state attorneys for parties who wish to appear before the Dealer Board must obtain admission *pro hac vice* from the Rhode Island Superior Court.

9. In carrying out its duties, the members of the Dealer Board presiding over inter-party proceedings follow the judicial canons of ethics and members of the Dealer Board do not engage in ex parte communications with parties or their attorneys.

SIGNED AND SWORN BEFORE ME UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF SEPTEMBER, 2007.

[signature]
K. Joseph Shekarchi, Esquire

STATE OF RHODE ISLAND
COUNTY OF KENT

[signature]
Notary Public
Print Name: Angela M. Bothwell
My Commission Expires: 6-15-09

# TAB A

*K. Joseph Shekarchi*
**Attorney at Law**

33 College Hill Road, Suite 15-E
Warwick, Rhode Island 02886
(401) 827-0100
E-mail. JOE@SHEKARCHILAW COM

686 Commonwealth Ave
Warwick, Rhode Island
(401) 639 – 9950

## EDUCATION:

**Suffolk University Law School, Boston, MA**
Juris Doctorate, June 1990
**Suffolk University, Boston, MA**
Bachelor of Science, Major: U S Government, June 1984
Minor concentrations in Communications and Philosophy

## PROFESSIONAL EXPERIENCE:

**Shekarchi Law Offices** (September 1995- Present)
**Private Practice of Law**

- Established private practice in closings and real estate litigation for commercial and Residential clients.
- Zoning and Administrative representation.
- Legal Counsel to The Warwick Housing Authority; representing the Authority in various capacities and duties including: personal, HUD regulations, union negotiations, contracts, evictions, open meetings, and real estate matters.

**Department of Transportation, State of Rhode Island**
**Associate Legal Counsel** (January 1995 - September 1995)

- Chief legislative liaison to the General Assembly.
- Draft, monitor, lobby departmental legislation.

**Office of the Governor, State of Rhode Island**
**Associate Legal Counsel / Director of Legislation** (December 1992 - January 1995)

- Responsible for introduction, management and passage of entire legislative agenda for the Executive Department and various state agencies; including lobbying, floor management and drafting and transmittal of veto messages

**Office of the Mayor, City of Warwick**
**Deputy Chief of Staff / Assistant City Solicitor** (November 1990 - December 1992)

- Supervised and directed Mayoral Staff, conducted weekly Director's meetings, served as on-staff legal counsel to the Mayor on government and legal issues.
- Provided legal counsel to Zoning Board, Board of Public Safety and City Council.

**PROFESSIONAL AFFILIATIONS:**

**Member Rhode Island Bar Association**, Spring 1991
**Member Washington, DC Bar Association**, Winter 1992
**Member of Rhode Island Federal District Court**, June 1994
**Member of United States Supreme Court**, April 2000
**Chairman, Rhode Island Dealers Hearing Board,** June 1991 – 2001
**Legal Counsel to the Warwick Housing Authority**, February 1995 - Present

**RI TITLE COMPANIES - APPROVED ATTORNEY**

- Stewart Title Guarantee Company
- Mortgage Guarantee Title Company
- Commonwealth Land & Lawyer's Title Insurance Company
- Catic Title Insurance Corporation
- Chicago Title Insurance Company

**REFERENCES:**

Available upon request.